ELAINE BOLLING, et al., Plaintiffs

v.

COMMISSIONER OF EDUCATION and
THE BOARD OF EDUCATION, Defendants

Civil No. 1044-77

Territorial Court of the Virgin Islands

Div. of St. Croix

September 2, 1977

G. Luz A. James, Esq., St. Croix, V.I., *for plaintiffs*

John E. Lenahan, Office of the Attorney General, Christiansted, St. Croix, V.I., *for defendant Commissioner of Education*

James E. Dow, Jr., Charlotte Amalie, St. Thomas, V.I., *for defendant Board of Education*

FINCH, *Judge*

### MEMORANDUM OPINION

This is action for declaratory relief brought by twenty-six adults as guardians for thirty-two minors. The minors are all students of the Elena Christian Junior High School in Christiansted. In addition to praying for a declaration that the minors be "individually and collectively . . . required to be promoted with an overall grade of 'D' or better", they also pray that defendants be enjoined and restrained from denying . . . "any rights to promotion because of their failure to successfully earn a 'C—' grade or better. . . ."

The parties stipulated to the facts and that stipulation is here reproduced.

1. The stipulated facts in this case are as follows:

a) The Plaintiff minors were pupils enrolled at Elena Christian Junior High School in Christiansted, St. Croix, V.I. during the 1976–77 school year.

b) That at the time of their commencement of the 1976–77 academic year the promotional policy then in effect permitted students to be promoted with an overall grade average of "D".

c) That the Board of Education adopted a new secondary promotion policy on October 27, 1976 which became effective immediately requiring among other things that a student must maintain a C—average to qualify for promotion from grade to grade and to graduate. Said policy excludes from coverage those pupils then enrolled in grades 11 and 12. (Exhibit 1.)

d) That on November 2, 1976, a newspaper article regarding the revised promotional policy was printed in the Daily News of the Virgin Islands. This article discussed the change in the grading

requirements, in which the requirements for promotion were increased from "D" to "C—". No such news release was published in the St. Croix Avis.

e) That the first marking period at Elena Christian Junior High School was November 10, 1976. As of that date no notice of the new promotion policy was distributed or given to the pupils at said school or their parents by the Department of Education.

f) That the notice of the new promotion policy was distributed by the Department of Education to the principal of Elena Christian Junior High School on or about December 7, 1976.

g) That during the period of December 14 to December 20, 1976 the new promotion policy was announced and distributed by the principal to the faculty of Elena Christian Junior High School and the students received announcement of it at assembly programs and copies of the notice were distributed to all students.

h) That the Guidance Counselors at Elena Christian Junior High School did undertake to contact the parents of pupils with D averages and also to individually counsel such pupils during the period of March 2, 1977 through March 11, 1977.

i) That District Superintendent of Schools, Gloria Canegata, informed the principal of Elena Christian Junior High School on May 17, 1977 that the new promotion policy was to be postponed and the staff of said school was so advised on May 18, 1977. That no distribution of this notice was made to pupils or parents at that time.

j) That on June 4, 1977, Counsel for the Plaintiffs, attended the meeting of the Board of Education on behalf of his clients and requested that the Board reconsider its decision to put the new promotion policy into immediate effect.

k) That no appeal of the June 4, 1977 determination has been formally filed to date.

l) That Principal Milton Galembo advised the faculty of Elena Christian by memorandum dated June 6, 1977 and directed them to so notify involved students as soon as possible. (Exhibit 2.)

m) That graduation exercises were held on June 14, 1977 and only those pupils meeting the "C—" requirements of the new promotion policy were graduated or promoted.

n) That a total of approximately 129 seventh grade pupils and 132 eighth grade pupils at Elena Christian Junior High School were retained without promotion by the new "C—" requirement promotion policy and would probably have been promoted under the old

114

"D" average policy, therefore being directly effected by the change of policy.

*o*) That the 1977–78 school year commences on September 1, 1977 and the status of the involved and effected pupils should be resolved prior to the commencement of the new school year.

The defendant Board moved to dismiss on the following grounds: (1) lack of jurisdiction; (2) failure to state a claim upon which relief can be granted since the minors have no constitutional interest to be protected; and (3) service upon it was improper because service was upon an employee of the Department of Education and not the Board of Education.

██ Disposing of the last contention first, it is the opinion of this Court that the distinction between the Commissioner of Education and the Board of Education is too fragile to be of great significance for purposes of service of process. As a matter of constitutional principle, service is proper if that service gives the defendant notice of the proceedings. The Board does not contend that it did not receive notice in sufficient time for it to prepare a defense, but that someone in the Department of Education should not have been served. For purposes of service of process in this case, this Court cannot distinguish the Department of Education and the Board of Education. The Board sets policies for the Department and one agency is an arm of the other.

██ Next, the defendants contend that this Court is without jurisdiction because the Territorial Court Act (Act No. 3876) did not specifically grant this Court with powers in equity. This might well be true; however, any distinction between law and equity was long ago abolished in this jurisdiction and it is not difficult to conclude that the authority to hear extra legal matters is merged with the authority to hear matters in law. Carmena Richards v. Election Committee of St. Thomas-St. John American

115

Federation of Teachers AFL–CIO, et al., 13 V.I. 531 (Terr. Ct. 1977).[1] Additionally, Section 75(3) of the Territorial Court Act, cited supra, gives this Court original jurisdiction "of all violations of police and *executive regulations,* unless otherwise provided by law." (Emphasis added.) The matter in controversy here is a regulation of the Board of Education and it seems to this Court that authority is vested in it to determine rights and duties which might arise under any executive regulation.

 Having crossed the bridge of jurisdiction, the Court must now proceed into the land of procedural due process as that concept applies to children. At the outset, it is best to state that infants traditionally have been afforded special protection by courts. Such protection has been in equity or as a result of the doctrine of parens patriae. Kramer v. Kramer, 339 A.2d 328 (Md. 1975). Protection has been afforded minors not only in cases at law, but in all suits and legal proceedings, of whatever nature, in which the personal or property rights are involved. Workman v. Workman, 167 N.W.2d 186 (1962); 42 Am.Jur. 27 (1962). Children enjoy the same rights to protection and to legal redress for wrongs done them as others enjoy; only the strongest reasons, grounded in public policy, can justify any limitation or abolition of those rights. Sorenson v. Sorenson, 339 N.E.2d 907 (Mass. 1975); Dean v. Smith, 211 A.2d 410 (N.H. 1965).

Courts have held consistently regulations and rules of administrative bodies should be given prospective effect in the absence of circumstances that mandate otherwise. St. Francis Memorial Hospital v. Weinberger, 413 F.Supp. 323 (D.C. Cal. 1976); Dworman v. Major and Board of

---

[1] See Rule 21 Rules Governing the Municipal Court (now the Territorial Court) 5 App. IV Rule 27.

Education of Aldermen, Governing Body of Town of Morristown, 370 F.Supp. 1056 (D.C. N.J. 1974).

If the Court were to find that a regulation was before it for scrutiny, then the conclusion would have to be that the regulation is without force and effect. 3 V.I.C. § 933 states "No regulation hereafter made by an agency of the Virgin Islands shall become effective until an original and two duplicates have been filed in the Office of the Government Secretary. . . ." (now the office of the Lieutenant Governor). The document in evidence is labeled a policy and I find it to be a statement by which the Commissioner of Education should be guided. And, additionally, as a statement of policy, it is valid and still in force.

In the case at bar, there appears to have been confusion in putting into effect the promotion policy as approved by the Board. Indeed there is confusion as to whether there is a policy of promotion or a regulation governing promotion. For purposes of this case, it makes no difference. Whether a policy or a regulation, its effects are so far-reaching and devastating to the children involved that it matters not the appellation which is being put upon it. It is not enough to say that the grading requirements were switched in December and since the end of the school year is in June of the following year, they have time to apply themselves and bring their grades up to a "C—". There might be that minority of children or even that one child who for a number of reasons sets his sights to a "D" grade in September and cannot remove himself from the bottom of that grading pit. He set his sight on that "D" in September because he knew he could be promoted to another grade with that "D"; but come December and for the next five months, for whatever the reason, he could not pull himself from tentacles of a "D". These minors have the legal right to know at the outset of the school year what is demanded of them.

117

■ In closing, lest there be any doubt about the limits of this opinion, this Court must add that it is not concerned with the setting of a promotion policy for the public school system. This matter is rightly left in the hands of educators. Rather, the concern is with the manner of promulgation of policy. After the Board sets its policy, that policy must be promulgated in a manner that is fair to each and every student and it must be calculated to inform each and every student clearly and unequivocally those standards he must meet to qualify for promotion.

### ORDER

In accordance with the reasons set forth in the Memorandum Opinion of even date, it is

ORDERED that the motion to dismiss filed by the defendant Board of Education be and the same is hereby dismissed, and it is

ORDERED that the defendant Commissioner of Education be enjoined from retaining the named plaintiffs in the grades in which they were registered during the 1976–1977 school year.