**GLADYSTINE JAMES, Plaintiff**

v.

**ROBERT CONRAD WILLIAMS, Defendant**

Civil No. 160/88

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

November 30, 1990

HODGE, *Presiding Judge*

## MEMORANDUM AND ORDER

This matter is before the court on defendant's Motion to Set Aside the court's Entry of Default, dated October 31, 1989, pursuant to Rule 55, Federal Rules of Civil Procedure and for leave to file an answer out of time. Defendant has submitted the Answer with the motion. Plaintiff opposes the motion. On February 23, 1988 plaintiff filed a complaint for damages. Defendant was served on March 10, 1988. Default was entered on October 31, 1989.

In support of his motion, defendant states that prior to the filing of the complaint, there were several telephone conversations and letters exchanged between the plaintiff and the claims manager of the defendant's insurance company ("insurer"). These communications were for the purpose of trying to achieve a settlement. Mr. Glenn Curtis, who is a para-legal and appears to be working for plaintiff's counsel, demanded a certain amount of money to settle the matter. On or about February 1, 1988, the insurer made an offer of settlement. Defendant states that plaintiff did not respond either to accept or reject the offer.

Defendant further asserts that the communications between his insurer and the plaintiff amount to an appearance by the defendant; that because he appeared, plaintiff should have given him notice of the application for entry of default; that he did not receive notice; and that, therefore, default should be vacated pursuant to Federal Rules of Civil Procedure Rule 55. Defendant believes that plaintiff will not be prejudiced by setting aside the entry of default and that he has meritorious defenses, to wit: plaintiff's injuries are a direct result of her own negligence; plaintiff's negligence is the sole proximate cause of any claims, losses or damages alleged; and plaintiff's conduct was a contributing cause of her injuries. Defendant states that he and his insurer had a genuine belief that this matter would have been settled out of court. Defendant did not have an attorney at the time of negotiations, nor for a period of time after service of the complaint.

Plaintiff in opposition to this motion contends that defendant's failure to answer within the prescribed time is enough to sustain the entry of default; that the communications of which the defendant speaks occurred prior to the filing of the complaint and therefore do not constitute an appearance; and that the defendant has not shown cause to set aside default. Plaintiff refutes defendant's assertion that there was no response to the offer of settlement and states that the offer was rejected.

If a party against whom judgment by default is sought has appeared in an action, he shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application. Fed.R.Civ.P. 55(b). An appearance is a formal proceeding by which the defendant submits himself to the jurisdiction of the court. Telephone conversations between the parties or their representatives and informal letters between them constitute an appearance only where they occur after the filing of a complaint. See, Hutton v. Fisher, 359 F.2d 913 (3rd Cir. 1966); See also Heleasco Seventeen, Inc. v. Drake, 102 F.R.D. 909 (D. Del 1984).

The critical issue is whether the exchanges between the plaintiff and the defendant's insurer constitute an appearance by defendant within the meaning of Fed.R.Civ.P. 55(b)(2). It is clear in the matter before the court that the defendant has not made an appearance. All contacts between the parties occurred before a suit had even begun. They occurred before it was even possible for the defendant to submit himself to the jurisdiction of the court, and he could not have indicated his intent to be a party to the suit until after a complaint was filed against him. There being no contacts between the parties subsequent to the filing of the complaint, no appearance can be said to have taken place. For this reason, Rule 55(b) is inapplicable to support setting aside an entry of default.

Nevertheless, under Fed.R.Civ.P. 55(c), the court has the discretion to set aside an entry of default for "good cause" shown. Motions to set aside default, however, should be construed liberally, and any doubts are resolved in favor of the moving party. Medunic v. Lederer, 533 F.2d 891 (3d. Cir. 1976); Shackelford v. Puerto Rico International Airlines, Inc., Civil No. 77–273 (D.V.I. 1978).

Where default judgment has not yet been entered after an entry of default, however, an even more liberal standard should be employed when reviewing a Motion to set aside default because it is

more appropriate to address an action on its merits whenever possible. Tozer v. Charles A. Crause Milling Co., 189 F.2d 242 (3d Cir. 1951). Specifically, the motion to set aside should be granted whenever: (1) the non-defaulting party will not be prejudiced by the reopening; (2) the defaulting party has a meritorious defense; and (3) default was not the result of inexcusable neglect or a wilful act.

The first factor is easily deposed of in favor of the defendant since plaintiffs omitted comment on potential prejudice in their Response. As to the second factor, defendant has proposed defenses that, if true, would absolve at least a portion of liability. Thus, he has meritorious defenses. With respect to the third factor, defendant's actions and reliance on possibility of settlement, although misplaced, do not amount to inexcusable neglect.

Accordingly, it is hereby

ORDERED, that defendant's Request to Set side Entry of Default is GRANTED.