**TERRY CARLSON, Plaintiff**

v.

**METMOR FINANCIAL, INC., Defendant**

Civil No. 775/90

Territorial Court of the Virgin Islands

Div. of St. Croix

March 6, 1991

LEE J. ROHN, ESQ., St. Croix, V.I., *for plaintiff*

BENNETT CHAN, ESQ. (LAW OFFICE OF ADRIANE J. DUDLEY), St. Thomas, V.I., *for defendant*

ELTMAN, *Judge*

## MEMORANDUM OPINION

Pursuant to Fed. R. Civ. P. 12(b)(5), the defendant has moved to dismiss the complaint on the grounds that service of process was insufficient under Rule 4(d)(3). The motion will be denied, as will the plaintiff's responsive motion for Rule 11 sanctions.

### Facts

On September 12, 1990, the plaintiff's process server, Jacqueline Smith-Anderson, arrived at the defendant's office at La Reine Shopping Center in order to serve the summons and complaint upon the defendant, Metmor Financial Corp. It is undisputed that Jim Main, the branch manager for Metmor, was out on sick leave; however, another corporate employee, Margo Jeffers, was present when the process server arrived. Jeffers bore the title of administrative assistant, but, according to her affidavit, she actually was a receptionist, secretary and file clerk with no managerial duties.

In the battle of affidavits supporting and opposing the defendant's motion to dismiss, the parties differ as to the exchange between Jeffers and Smith-Anderson. Jeffers claims that she "made no representations whatsoever purporting to have authority to accept service on behalf of Mr. Main or Metmor." According to the process server, Jeffers specifically stated "that she was uathorized (sic) to accept service of process in this matter." The process server's affidavit further claims, without rebuttal, that Margo Jeffers had accepted service of process for Metmor at least twice before and had represented that she was empowered to do so. Curiously, Smith-Anderson's return of service and accompanying affidavit in this instance states that she had served "Jim Main/Margo Jeffers". Metmor now claims that service was insufficient because Jeffers was not a proper person to have been served on behalf of the corporation. On its part, the plaintiff opposes the motion and moves for Rule 11 sanctions for what it describes as the defendant's "firvolious" (sic) motion to dismiss.

### Discussion

██ Federal Rule of Civil Procedure 4(d)(3) provides, in relevant part, that service upon a corporation is made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. . . ." The term "managing or general agent" is not specifically defined and has been broadly con-

strued to apply to a person in such a position "'that there is a high probability that the papers will reach those persons in the organization responsible for protecting the firm's interest in the litigation.'" Carson v. Skandia Ins. Co., 19 V.I. 138, 144 (D.V.I. 1982), quoting Wright and Miller, Federal Practice and Procedure, § 1074 at 295 (1969); Hogin v. Island Ideas, Inc., 9 V.I. 201, 204 (V.I. Mun. Ct. 1973). As a matter of constitutional principle, service is proper if it gives the defendant notice of the proceedings. Carson, supra, and Bolling v. Commissioner of Education, 14 V.I. 111, 115 (Terr. Ct. 1977). Service of process under Rule 4(d)(3) does not require "rigid formalism." Ins. Co. of N. Am. v. S/S "Hellenic Challenger", 88 F.R.D. 545, 547 (S.D.N.Y. 1980). The question is whether the recipient understands the importance of the summons and complaint and will feel duty bound to make sure the employer will promptly receive those papers. Carson, supra.

■ Here, even if Margo Jeffers had concerns about whether she could properly accept service, and even if she actually functioned as a receptionist and clerical employee, she nevertheless was titled as an administrative assistant. Moreover, she had accepted service from the same process server at least twice before. Finally, there is no reason to doubt that she knew what to do with the papers she received and that she did indeed transmit them to the proper persons associated with the corporation. Contrary to what she represented in her return of service, Smith-Anderson obviously did not serve Jim Main. However, she did effect proper service upon Metmor by serving Jeffers. Accordingly, the motion to dismiss will be denied.

■ The plaintiff's Rule 11 motion does not merit extensive discussion, except to note that Metmor has raised, albeit unsuccessfully, a legitimate question about the sufficiency of service. Plaintiff's counsel asserts that the motion to dismiss (read: defense counsel) "falsely states that the process server claimed that she serve (sic) Jim Main." In fact, the process server has sworn that she served "Jim Main/Margo Jeffers". Under the circumstances, the plaintiff's motion for Rule 11 sanctions is remarkably inappropriate.

## ORDER

In accordance with the memorandum opinion of even date, it is hereby

ORDERED that the plaintiff's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) is denied; and it is further

ORDERED that the plaintiff's motion for sanctions pursuant to Fed. R. Civ. P. 11 is denied.