INTERIOR DISTRIBUTORS, INC., Plaintiff v. HARTLAND CONSTRUCTION COMPANY, INC., R.P. CONSTRUCTION COMPANY, INC. and GUNATIT CORPORATION, Defendants

No. 9310SC1177

(Filed 18 October 1994)

1. **Liens § 25 (NCI4th)— materialman's lien—insufficient service of notice of claim of lien**

   A second tier contractor which furnished building materials to a subcontractor failed to properly serve a notice of claim of lien on the corporate owner where neither the notice nor the claim of lien filed with the clerk of court included proof of service, and where the notice was not sent by certified mail and was addressed to the corporation and not to the attention of an "officer, director, or managing agent" as required by N.C.G.S. § 1A-1, Rule 4(j)(6). An affidavit which incorrectly alleged that a complaint and summons were served on the corporate owner did not constitute notice of the service of the notice of claim of lien.

   **Am Jur 2d, Mechanics' Liens §§ 167-237.**

   **Sufficiency of designation of owner in notice, claim, or statement of mechanic's lien. 48 ALR3d 153.**

2. **Process and Service § 131 (NCI4th)— corporate defendant—service on Secretary of State—knowledge of address**

   Substitute service of process on the Secretary of State as agent for the corporate defendant in an action to enforce a materialman's lien was ineffective and violated defendant's due process rights where the record shows that plaintiff's attorney had actual knowledge of the address where the corporate defend-

ant could be served but did not attempt to serve defendant at that address. N.C.G.S. § 1A-1, Rule 4(j)(6)(b); N.C.G.S. § 55-5-04(b).

**Am Jur 2d, Process §§ 263 et seq.**

Appeal by plaintiff from order entered 1 July 1993 by Judge Gregory A. Weeks in Wake County Superior Court. Heard in the Court of Appeals 1 September 1994.

*Gordon & Johnston, by Robert L. Johnston, for plaintiff-appellant.*

*Safran Law Offices, by V.A. Anderson, Jr., for defendant-appellee.*

JOHNSON, Judge.

This action arises from the construction of a Comfort Inn motel in Garner, North Carolina on land owned by defendant, Gunatit Corporation. Although the deed shows the land to be in the name of Gunatit, Inc., 903 Hampshire Court, Cary, North Carolina 27511, both the contract between the owner and general contractor, R.P. Construction Company, Inc., and the general contractor and the subcontractor, Hartland Construction Co., show the owner of the property as Gunatit Corporation, 903 Hampshire Court, Cary, North Carolina 27511. Both Gunatits have the same address. Plaintiff alleges supplying building materials to the subcontractor Hartland between the dates of 10 July 1991 and 26 October 1991, such materials being valued at the alleged sum of $38,992.07, and for which plaintiff alleges that it never received payment.

Plaintiff alleges that he served on 28 January 1992, by certified mail, return receipt requested, a notice of claim of lien by second tier subcontractor on defendant. The notice of claim of lien is dated 27 January 1992. There is no affidavit of service nor a certificate of service for said notice of lien. There is no certified mail receipt for receipt of notice of claim of lien in the record or on file at the Wake County courthouse. Plaintiff concedes that the affidavit incorrectly states that a civil summons and complaint had been mailed. Although the incorrect affidavit is attached to the alleged notice of claim of lien of second tier subcontractor as of 28 January 1992, no civil summons nor complaint had been filed in this matter. The incorrect affidavit alleges that a complaint was mailed to defendant at 903 Hampshire Court, Cary, North Carolina 27511. There is no indication in the

record or the Wake County courthouse that the incorrect affidavit was served on or sent to defendant.

In addition, on 28 January 1992, plaintiff filed with the Clerk of Superior Court of Wake County, the county in which the land owned by defendant is located, a claim of lien. The lien lists the name and address of the record owner as Gunatit Corporation at 903 Hampshire Court, Cary, North Carolina 27511. There is nothing in the record or on file at the Wake County courthouse to indicate the lien was served on or sent to defendant. On 10 February 1992, plaintiff filed a summons and complaint with the Clerk of Superior Court of Wake County, North Carolina. The complaint listed defendant Gunatit as the owner of the real property, contractor R.P. Construction and the subcontractor Hartland Construction as defendants and sought to enforce a lien against R.P. Construction and defendant Gunatit. Plaintiff alleges in the complaint that defendant's principal place of business is in Wake County, North Carolina.

On 13 April 1992, defendant R.P. Construction filed its answer and cross-claim against defendant Hartland. On 13 April 1992, defendant filed a motion seeking dismissal of the claims against it under North Carolina Rules of Civil Procedure 12(b)(4) (for insufficiency of process), 12(b)(5) (for insufficiency of service of process) and 12(b)(6) (for failure to state a claim).

On 19 February 1993, plaintiff filed a third affidavit of service with the court which stated that (1) prior to filing the present action on 10 February 1992, he had been informed by the Office of the Secretary of State of North Carolina, Corporation Division, that the registered agent and office of Gunatit Corporation was Ramesh C. Patel at 6217 Pella Road, Charlotte, North Carolina 28211; (2) on 11 February 1992 he had placed the civil summons and a copy of the complaint in this action in an envelope with sufficient first-class postage attached and mailed the same, certified mail, return receipt requested, to Ramesh C. Patel at 6217 Pella Road, Charlotte, North Carolina 28211; and (3) sometime thereafter he received that same envelope back from the United States Postal Service marked "Moved-Left No Address." In addition, according to the affidavit, plaintiff placed the civil summons and complaint in an envelope with sufficient first-class postage attached thereto and mailed said envelope, certified mail, return receipt requested, to the Secretary of State of North Carolina, Corporate Division. It was delivered on 24 February 1992.

On 25 February 1993, plaintiff filed an affidavit of an employee of the Secretary of State's office stating that the office received a copy of the civil summons and complaint and mailed the civil summons and complaint to the address shown in the Office of Secretary of State as the registered office of defendant, the Charlotte office, and the documents were returned.

On 1 July 1993, the Honorable Gregory A. Weeks entered an order dismissing the case from Wake County Superior Court on the basis of insufficiency of process and insufficiency of service of process. From this order plaintiff appeals.

In the appeal, plaintiff alleges the trial court erred in granting defendant Gunatit Corporation's motion to dismiss pursuant to Rules 12(b)(4) (insufficiency of process) and 12(b)(5) (insufficiency of service of process). Having reviewed the grounds for dismissal, we reverse in part and affirm in part.

Plaintiff first alleges that the trial court erred in granting defendant Gunatit Corporation's motion to dismiss for insufficiency of process. Defendant does not contest plaintiff's contention that it was error to grant the motion on the basis of insufficiency of process. As such we hold that the trial court was in error and reverse the trial court's order dismissing defendant's motion pursuant to Rule 12(b)(4) (insufficiency of process).

Plaintiff next alleges the trial court erred in granting defendant Gunatit Corporation's motion to dismiss pursuant to Rule 12(b)(5) of the North Carolina Rules of Civil Procedure for insufficiency of service of process. We disagree.

[1] This appeal involves a claim of lien pursuant to North Carolina General Statutes § 44A-8 (1989). Plaintiff is a second-tier contractor and as such is entitled to a lien provided the second-tier contractor gives notice as required in North Carolina General Statutes § 44A-19(d) (1989). North Carolina General Statutes § 44A-19(d) states:

> (d) Notices under this section shall be served upon the obligor in person or by certified mail in any manner authorized by the North Carolina Rules of Civil Procedure. A copy of the notice shall be attached to any claim of lien filed pursuant to G.S. 44A-20(d).

In the instant case, however, neither the claim of lien, nor the notice of lien include proof of service. Plaintiff contends that the affi-

davit of service which incorrectly alleges that the complaint and summons that were served is notice of service of the notice of lien. We decline to embrace this contention. The proposed affidavits of service on their face give no indication that they are in reference to the notice of lien. Accordingly, there is no proof of service on the record.

Plaintiff notes that notice of lien was served by mailing it to the Cary address of Gunatit. The notice was sent to Gunatit Corporation not to the attention of an "officer, director, or managing agent" as required by Rule 4(j)(6). In addition, North Carolina General Statutes § 44A-19(d) requires that the lien be served in person or by certified mail. There is no indication in the record that plaintiff mailed a copy of the notice, registered, or certified mail, return receipt requested nor addressed to the officer, director, or managing agent. In fact, no proof of service of the lien is present in the record.

[2]   Plaintiff also alleges that it complied with Rule 4(j)(6)(b) of N.C.R. Civ. P. and North Carolina General Statutes § 55-5-04(b) (1990) by serving a copy of the summons and complaint to the Secretary of State as an agent for defendant; North Carolina General Statutes § 55-5-04(b) provides in part that whenever the registered agent of a corporation to whom process may be served cannot be located, substitute service is proper. We disagree.

Defendant argues that plaintiff's failure to serve the summons and complaint at a known address of defendant violates defendant's due process rights.

As a general rule compliance with the Rules of Civil Procedure relating to service of process satisfies the due process requirements of the Federal and North Carolina Constitutions. *See Royal Business Funds Corp. v. South E. Dev. Corp.*, 32 N.C. App. 362, 368, 232 S.E.2d 215, 218, *disc. rev. denied*, 292 N.C. 728, 235 S.E.2d 784 (1977). Compliance with these statutes, however, does not in every instance satisfy due process. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 318, 94 L. Ed. 865, 875 (1950) (statutory provision for notice to trust beneficiaries by publication violates due process when whereabouts of beneficiary known to trustee). If due process is denied, then service is invalid. *Anderson Trucking Serv., Inc. v. Key Way Transp., Inc.*, 94 N.C. App. 36, 44, 379 S.E.2d 665, 670 (1989).

*Partridge v. Associated Cleaning Consultants*, 108 N.C. App. 625, 629, 424 S.E.2d 664, 666, *disc. review denied*, 333 N.C. 540, 429 S.E.2d

560 (1993). Our Court in *Partridge*, although declining to address the issue, said that a meritorious issue concerning whether due process rights had been violated could arise if plaintiff's attorney actually had knowledge of defendant's correct address, and nevertheless made service of process through the Secretary of State's office pursuant to North Carolina General Statutes § 55-5-04. *Id.*

The record shows that plaintiff's attorney had actual knowledge of an address where defendant Gunatit could be served and did not attempt to serve defendant at the known address. Thus, we hold, that substitute service of process on the Secretary of State was ineffective and violated defendant's due process rights. The record reveals that plaintiff knew that defendant Gunatit Corporation was located in Wake County. In fact, the complaint, the notice of claim of lien, the claim of lien, and the warranty deed for the property where the project was located, all note that defendant Gunatit Corporation is located at 903 Hampshire Court, Cary, North Carolina 27511. Therefore, plaintiff using due diligence should have been able to properly serve process on defendant.

In summary, we reverse the trial court's dismissal of the action on the basis of insufficiency of process, but affirm the dismissal of the action on the basis of insufficiency of service of process.

Reversed in part, affirmed in part.

Judges GREENE and LEWIS concur.