**V.I. CEMENT AND BUILDING PRODUCTS, INC. d/b/a ROE WIN CORP., Plaintiff**

**v.**

**CAPITAL INTERNATIONAL CORPORATION — V.I., Defendant**

Civ. No. 829/1994

Territorial Court Of The Virgin Islands

Division of St. Croix

March 28, 2000

RICHARD P. FARRELLY, ESQ., *Birch, de Jongh, Hindels & Hall*, St. Thomas, U.S. Virgin Islands, *for Plaintiff*

RONALD T. MITCHELL, ESQ., St. Thomas, U.S. Virgin Islands, *for Defendant*

CABRET, *Judge*

### MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Set Aside the entry of default and a default judgment pursuant to Rules 55(c) and 60(b)(4) of the Federal Rules of Civil Procedure. For the following reasons, the Court will grant the motion.

## I. FACTS AND PROCEDURAL HISTORY

The record shows that Plaintiff and Defendant are both Florida Corporations which are registered to conduct business in the Virgin Islands. It appears that in April 1993, the parties entered into a construction contract which required Plaintiff, as contractor, to develop certain land owned by Defendant on St. Croix. Plaintiff alleges that it performed under the contract but was not paid over $300,000 owed by Defendant. In July 1994, Plaintiff's Chief Financial Officer wrote a letter to Defendant's Chairman at Defendant's Maitland, Florida office, informing Defendant that it was placing a construction lien on the property. On October 14, 1994, Plaintiff filed the instant action against Defendant for payment of the alleged debt and foreclosure of the construction lien.

Plaintiff's service of the Complaint and Summons lie at the heart of the instant motion. Plaintiff asserts that it perfected service on Defendant through substituted service on the Lieutenant Governor. The record shows that on January 4, 1995, Plaintiff's process server delivered a copy of the Complaint to the Office of the Lieutenant Governor. On February 20, 1995, Plaintiff moved for entry of Default. The default was entered on June 5, 1995. On April 19, 1995, Plaintiff moved the Court[1] to enter a default judgment based on its substituted service upon the Lieutenant Governor. The Court denied the motion without prejudice because Plaintiff did not submit proof "that due diligence was exercised in attempting to serve persons who are authorized to accept service on behalf of defendant."[2] In response, Plaintiff submitted the affidavit of its process server who stated that he attempted to serve Jean Robert Alfred, Esq., who refused the summons and informed him that "he is no longer resident agent for above defendant[]."[3] Interestingly, the affidavit does not state the date of the attempted service and was executed by the process server on May 15, 1995. On June 15, 1995, the Court entered a default judgment against Defendant.

---

[1] When Plaintiff moved for default, this case was assigned to another judge.

[2] Order entered April 27, 1995.

[3] Affidavit of Jose Luis Soto executed on May 15, 1995.

## II. DISCUSSION

Defendant now seeks to set aside the default judgment on the ground that it was never served with process. Service upon corporations is generally governed by Rule 4(h) of the Federal Rules of Civil Procedure[4] which provides in pertinent part:

Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:

(1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to any officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant[.]

Virgin Islands law requires a corporation to designate a registered agent for service of process and to notify the Lieutenant Governor if it changes its resident agent. *See* V.I. Code Ann. tit. 13, §§ 51-55 (1998). In addition to the service options contained in Rule 4 of the Federal Rules, Virgin Islands law allows for substituted service upon the Lieutenant Governor. The requirements for such substituted service are stated in title 13, section 348 of the Virgin Islands Code:

In case legal process against a corporation *cannot by due diligence be served upon any person authorized to receive it,* such process, including the complaint, may be served in duplicate upon the Lieutenant Governor, which service shall be effectual for all purposes of law. Within two days after service upon the Lieutenant Governor, he shall notify the corporation thereof by letter directed to the

---

[4]Rule 27(b) of the Territorial Court Rules requires service in the manner prescribed by Federal Rule of Civil Procedure 4(h).

corporation at its last registered office, in which letter shall be enclosed a copy of the process, the complaint or other papers served. In any action in which the process shall be so served the plaintiff shall pay to the Lieutenant Governor the sum of five dollars ($5.00), which sum shall be taxed as a part of the costs in the action if the plaintiff shall prevail therein. The Lieutenant Governor shall enter alphabetically in a process book, kept for that purpose, the name of plaintiff and defendant, the title and number, if any, of the cause in which process has been served upon him, and day and hour when the service was made.

V.I. Code Ann. tit. 13, § 348 (1998) (emphasis supplied).

In this case, Plaintiff contends that it was entitled to utilize this substitute service method because it used due diligence in attempting to serve Defendant's registered agent but was unsuccessful. The Court disagrees.

Plaintiff's prior attempts at service do not constitute due diligence. Initially, the Court notes that despite Plaintiff's assertions to the contrary, there is no evidence that Plaintiff's process server attempted to serve Attorney Alfred prior to the time it attempted substitute service on the Lieutenant Governor.[5] As stated above, the process server's affidavit does not state the date on which he attempted service on Attorney Alfred, and the affidavit is dated after Plaintiff attempted substitute service.

Furthermore, even if the Court assumes Plaintiff attempted to serve Attorney Alfred before it attempted substitute service on the Lieutenant Governor, this sole attempt did not constitute due diligence. Significantly, section 348's due diligence requirement is not limited to attempts at serving a registered agent, but requires a plaintiff to use due diligence to serve "any person authorized to receive [process]." V.I. Code Ann. tit. 13, § 348 (1998). Had our Legislature intended to require due diligence only in relation to serving the registered agent, it could easily have limited the language of section 348 to reflect this intention. *See, e.g., Dutch Farm*

[5] The Court also notes that Plaintiff has presented no evidence that at the time of the attempted service on Attorney Alfred, he was listed in the Lieutenant Governor's Office as Defendant's registered agent.

*Meats, Inc. v. Horizon Foods, Inc.*, 275 Ill. App. 3d 322, 655 N.E.2d 1012, 1015, 211 Ill. Dec. 629 (Ill. App. Ct. 1995) (accepting substitute service where only prior attempt at service was upon registered agent because statute only required reasonable diligence "in relation to finding the registered agent at the registered office."). Section 348, however, requires due diligence in serving any person who can receive service.

 The evidence shows that Plaintiff could have easily served Defendant at its Maitland, Florida office where Plaintiff was in constant contact with Defendant's president and chairman. Indeed, only three months prior to filing the complaint, Plaintiff notified Defendant's chairman at Defendant's Maitland, Florida office that it had filed a construction lien on the property. Plaintiff was required to provide this notice to Defendant at it "last known address," *see* V.I. Code Ann. tit. 28, 256(e) (1996), and the notice provided shows that Plaintiff could have perfected service there with minimum effort. Such a conclusion is inescapable considering that only 3 days after Plaintiff filed this complaint, Defendant's president wrote Plaintiff a letter concerning the dispute on its Maitland, Florida letterhead. The fact that Plaintiff had such actual knowledge of an address where Defendant could be served, yet failed to avail itself of this information, precludes a finding of due diligence. Because substituted service on the Lieutenant Governor could only be used when service on any other person could not be obtained by due diligence, and Plaintiff could have served Defendant with minimum effort, the attempt at substituted service is of no consequence. *See Interior Distributors, Inc. v. Hartland Construction Company*, 116 N.C. App. 627, 449 S.E.2d 193 (N.C. Ct. App. 1994); *Gross v. Fidelity Federal Savings Bank of Florida*, 579 So. 2d 846 (Fla. Dist. Ct. App. 1991).

Finally, in light of Plaintiff's actual knowledge of Defendant's address, its reliance on section 348 substituted service violates due process. This issue was addressed by the United States Supreme Court in *Mullane v. Central Hanover Trust, Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950). In *Mullane*, an action for settlement of a trust account, the plaintiff trustee knew the addresses of several trust beneficiaries, but only published notice of the action in a newspaper as required by the governing statute. A guardian

appointed to represent the beneficiaries objected to service by publication because, in light of the plaintiff's actual knowledge of the addresses, mere publication violated the beneficiaries' due process rights. The Court agreed and said:

> when notice is a person's due, process which is a mere gesture is not due process, The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it. The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary notices.
>
> . . . . .
>
> Where the names and post office addresses of those affected by the proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency.

*Id.*, 70 S. Ct. at 657-59 (internal citations omitted).

■ In this case, there was no need for Plaintiff to resort to substituted service. Plaintiff could easily have served Defendant with process at its Maitland, Florida office, where Plaintiff was corresponding with Defendant's Chairman and President. In light of these circumstances, Plaintiff's reliance on substitute service through the Lieutenant Governor was less likely to apprise Defendant of the action and therefore violated Defendant's due process rights. *See id.; see also Interior Distrib.*, 449 S.E.2d at 195-96 (N.C. Ct. App. 1994); *Gross*, 579 So. 2d at 848.

### III. CONCLUSION

■ For the reasons stated above, the Court concludes that Plaintiff did not perfect service on Defendant. The evidence of record shows that Plaintiff knew Defendant's current address, but did not attempt service at that address. Accordingly, Plaintiffs was not permitted to substitute service on the Lieutenant Governor and

the default judgment based on the substituted service must be vacated.[6]

---

[6] Plaintiff contends that Defendant waived any objections to the default judgment because it knew about the pending default through correspondence with Plaintiff, but did not object. A defendant's actual knowledge of a pending action, however, does not nullify the service requirement, and a default judgment entered without service is void for lack of personal jurisdiction. *See Practical Concepts, Inc. v. Republic of Bolivia*, 258 U.S. App. D.C. 354, 811 F.2d 1543, (D.C. Cir. 1987); *Armco, Inc. v. Penrod-Stauffer Bldg. Systems*, 733 F.2d 1087, 1088-89 (4th Cir. 1984). Furthermore, even if Defendant's communication with Plaintiff constituted an appearance for the purposes of Rule 55(b) of the Federal Rules of Civil Procedure, *see James v. Williams*, 26 V.I. 20, 22 (Terr.Ct. 1990), such communication was not a general appearance such that Defendant, by inaction, could have waived objection to defects in service. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).