**IN RE CATALYST THIRD-PARTY LITIGATION**

Master Docket SX-05-CV-799
Superior Court of the Virgin Islands
Division of St. Croix
November 18, 2015

3

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

(November 18, 2015)

**THIS MATTER** is before the Court on Third-Party Defendant Akzo Nobel N.V.'s (hereinafter, "Akzo")[1] Motion to Vacate Entry of Default, filed on July 31, 2015. Third-Party Plaintiffs Hess Oil Virgin Islands Corporation (hereinafter, "HOVIC") and Amerada Hess Corporation (hereinafter, "Hess", together with HOVIC, "Third-Party Plaintiffs") filed an Opposition on August 24, 2015. Akzo did not file a Reply.

On October 8, 2015, the Court being satisfied in the premises, signed Akzo's Proposed Order granting Akzo's Motion to Vacate Entry of Default. This Memorandum Opinion will serve to explain the basis of the Court's ruling.

## BACKGROUND

In 2005, the plaintiffs in the underlying action filed lawsuits against Third-Party Plaintiffs for, *inter alia*, injuries sustained from alleged exposure to catalyst while working at HOVIC's refinery in St. Croix during the period from 1965 to 1998. On February 20, 2009, upon leave from the Court, Third-Party Plaintiffs filed a Third-Party Complaint asserting claims for contribution, contractual indemnification, and breach of contract. The Court subsequently severed the Third-Party lawsuit from the underlying lawsuits. On October 16, 2009, upon further leave from the Court, Third-Party Plaintiffs filed an Amended Third-Party Complaint adding more Third-Party Defendants, including Akzo, and asserted claims for contribution, common law indemnification, contractual indemnification,

---

[1] To avoid confusion, the Court hereby emphasizes that Third-Party Defendant Akzo Nobel N.V. and Third-Party Defendant Akzo Nobel Polymer Chemicals, L.L.C. are two separate parties to this Third-Party lawsuit.

4

and breach of contract. The Court subsequently dismissed all the under-lying lawsuits with prejudice.[2]

On July 1, 2015, the Court issued an Order granting Third-Party Plaintiffs' Motion for Entry of Default, and default was entered against Akzo. On July 31, 2015, Dudley Rich Davis LLP filed a Notice of Special Appearance for Akzo and filed this instant motion seeking vacatur of Akzo's default.

## STANDARD OF REVIEW[3]

Virgin Islands Superior Court Rule 50 provides:

> For good cause shown, the court, upon application and notice to the adverse party, may set aside an entry of default, judgment by default or judgment after trial or hearing. Rules 59 to 61, inclusive, of the Federal Rules of Civil Procedure shall govern such application.

Federal Rules of Civil Procedure 60(b) (hereinafter, "Rule 60(b)") provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from final judgment, order, or proceeding for the fol-lowing reasons: (6) any other reason that justifies relief.[4]

■ ■ The Supreme Court of the Virgin Islands acknowledged that extraordinary circumstances are required to justify relief under Rule 60(b)(6). *Gould v. Salem*, 2012 V.I. Supreme LEXIS 47 (2012) (the Supreme Court could not review an order based on Rule 60(b)(6) "without an explanation as to what extraordinary circumstances justified granting this relief"). Also, "[w]here default judgment has not yet been entered after an entry of default . . . an even more liberal standard should be employed when reviewing a Motion to set aside default because it is

---

[2] Plaintiffs in the underlying lawsuits and Third-Party Plaintiffs settled their dispute.

[3] In a pre-*Banks* opinion, *Spencer v. Navarro*, 2009 V.I. Supreme LEXIS 25 (2009), the Su-preme Court of the Virgin Islands identified three factors to consider in determining whether to set aside a default judgment. However, for the three-factor test, the Supreme Court cited to a Third Circuit that originated from Pennsylvania. Accordingly. it is not binding authority on this Court. Instead, the Court will turn to the Virgin Islands Superior Court Rules for guidance.

[4] The Court does not find Rule 60(b)(1)-(5) applicable in this matter. Accordingly, the Court will only address Rule 60(b)(6).

5

more appropriate to address an action on its merits whenever possible." *See James v. Williams*, 26 V.I. 20, 22-23 (Terr. Ct. 1990); *Deal Furniture & Appliance v. Four Winds Plaza P'ship*, 961 F. Supp. 117, 120, 36 V.I. 151 (D.V.I. 1997) (citations omitted) (the Appellate Division of the District Court of the Virgin Islands, interpreted Superior [then Territorial] Court Rule 50 and cautioned that "[d]etermining whether to grant a motion to set aside default is based on liberal as opposed to strict interpretation, and any doubt should be resolved in favor of the petition to set aside the [default] so that cases may be decided on their merits."); *Shackelford v. Puerto Rico International Airlines, Inc.*, Civil No. 77-273 (D.V.I. 1978).

## DISCUSSION

### A. Process and Service of Process

Akzo is a Dutch corporation headquartered in the Netherlands. Under Virgin Islands law, proof of service outside the territory may be made by affidavit of the individual who made the service, and when service is made by mail, "proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court." 5 V.I.C. § 4911(b).[5] When Third-Party Plaintiffs filed their Motion for Entry of Default, they included an Affidavit of Service and a copy of the FedEx Shipment Delivery Confirmation Email (hereinafter, "Delivery Confirmation Email"). Per the Affidavit of Service, on March 18, 2011, the affiant served a Summons and Amended Third-Party Complaint on Akzo at 1077 ZZ Stawinskylaan 2555, Amsterdam NL 1007 by Federal Express International Priority Mail. Per the Delivery Confirmation Email, the delivery was signed for by ".Michal" on March 21, 2011 at 9:36 a.m.

---

[5] In its Motion, Akzo noted that Netherlands is a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (hereinafter, "Hague Convention"), and that in order for this court to obtain jurisdiction over Akzo, Third-Party Plaintiffs must comply with the Hague Convention. (Motion, p.4.) Akzo further noted that service of process may be made by mail under the Hague Convention and the Netherlands does not object to mail service. (*Id.*) Thus, Akzo conceded that Third-Party Plaintiffs were in compliance with the Hague Convention when they served Akzo by mail.

6

■ In its Motion, Akzo argued that Third-Party Plaintiff's mistake about the date of service[6] rendered their request for default against Akzo defective because "they did not sufficiently demonstrate to the clerk that Akzo Nobel N.V. 'failed to appear, plead or otherwise defend as provided by law.' " (Motion, p.3.) Moreover, Akzo argued that service was never properly effectuated by Third-Party Plaintiffs because the fact that ".Michal" signed for the deliveries was insufficient to establish that Akzo was served. Akzo pointed out that Third-Party Plaintiffs never identified the relationship between Akzo and ".Michal."[7] (Motion, p.4.) Accordingly, Akzo claimed that it did not have notice of the litigation and was denied the opportunity to defend against the Amended Third-Party Complaint.

The Court finds that Third-Party Plaintiffs' service on Akzo was insufficient. Virgin Islands Superior Court Rule 27(b) states in relevant part that "[t]he summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal Rules of the Federal Rules of Procedure . . ." Accordingly, FED. R. CIV. P. 4 (hereinafter, "Rule 4") governs the manner of service of process. Rule 4(h)(2) provides that a foreign corporation not within any judicial district of the United States, must be served "in a manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Rule 4(f)(2)(C)(ii) permits service by mail,[8] and provides in relevant part that "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt."

■ Although Rule 4(h)(2) did not specifically require service to be effected on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" it

---

[6] Third-Party Plaintiffs' Motion for Entry of Default incorrectly stated that, "Third Party Plaintiffs effectively executed service upon Third Party Defendant on February 26, 2009." Looking at the Affidavit of Service and the Delivery Confirmation Email, Akzo was clearly not served on February 26, 2009. Third-Party Plaintiffs did not address this error at all in their Opposition to this instant Motion. The Court cautions counsels to be more diligent in representing the correct information to the Court.

[7] Akzo cited to FED. R. CIV. P. 4(h)(1)(B) to support its contention that the service needed to be effected on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." However, FED. R. CIV. P. 4(h)(1)(B) only applies to serving a corporation in the judicial district of the United States.

[8] As noted above, service of process may be made by mail under the Hague Convention and the Netherlands does not object to mail service. *Supra*, n.5.

would defeat the purpose of service if it could be effected on any individual, irrespective of the individual's relationship with the defendant corporation to give notice of the lawsuit. "As a matter of constitutional principle, service is proper if it gives the defendant notice of the proceedings." *Carlson v. Metmor Fin.*, 26 V.I. 79, 82 (Terr. Ct. 1991 ); *see also Carson v. Skandia Ins. Co.*, 19 V.I. 138, 144 (D.V.I. 1982); *Bolling v. Commissioner of Education*, 14 V.I. 111, 115 (Terr. Ct. 1977).

■ Here, the "addressee" is "Akzo Nobel N.V." at "Stawinskylaan 2555, Amsterdam NL 1007." The Delivery Confirmation Email showed that the delivery was signed for by ".Michal." The Delivery Confirmation Email further showed the delivery location was at "Oude Meer, NH" and that it was delivered to "Shipping/Receiving." The fact that ".Michal" signed for the delivery is not in dispute. However, the question remains — Who is ".Michal"? Third-Party Plaintiffs never provided any evidence to establish that ".Michal" signing in "Oude Meer, NH" was sufficient service on Akzo and gave Akzo notice of this Third-Party lawsuit. Furthermore, 5 V.I.C. § 4911(b) provides in relevant part that "[w]hen service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court." The "addressee" here is "Akzo Nobel N.V." Again, Third-Party Plaintiffs never provided any evidence to establish that ".Michal" signed on behalf of the "addressee." Accordingly, ".Michal" 's signature on the receipt is not satisfactory to establish proof of service on Akzo. Thus, Third-Party Plaintiffs' service of process upon Akzo was insufficient under 5 V.I.C. § 4911(b), Virgin Islands Superior Court Rule 27 and Federal Rules of Civil Procedure 4.

## B. Vacatur of Default

Since Third-Party Plaintiffs' arguments regarding Akzo's failure to meet its burden to prove good cause for vacating default are all based on the assumption that Akzo was properly served on March 18, 2011, the Court need not address them at this juncture.

■ A default judgment has not yet been entered, so "an even more liberal standard" is employed at this time. *See James*, 26 V.I. at 22-23. Also, as mentioned above, it is more appropriate to address the case on its

merits.[9] *Id.* Furthermore, Third-Party Plaintiffs will not be prejudiced by the vacatur. There has been minimal movement in this Third-Party lawsuit since its commencement in 2009. Currently, Third-Party Plaintiffs' Motion for Leave to File a Second Amended Third-Party Complaint is still pending before the Court.

The Court finds that extraordinary circumstances exist to justify the relief of vacatur, *to wit*: insufficient service of process on Akzo. Accordingly, the Court granted Akzo's Motion to Vacate Entry of Default.[10]

## CONCLUSION

In sum, Third-Party Plaintiffs' service of process upon Akzo was insufficient. Accordingly, the Court granted Akzo's Motion to Vacate Entry of Default and vacated the Court's July 31, 2015 Order entering default against Akzo.

---

[9] While both Akzo and Third-Party Plaintiffs addressed the merits of Akzo's defense, this instant Motion is for the Court to decide whether Akzo's default should be vacated, and is not the proper place for the Court to rule on the merits of the case.

[10] Third-Party Plaintiffs requested that, if the Court grants Akzo's Motion to Vacate. the Court grant the vacatur on the following conditions:

1. A determination that Akzo has waived all defenses relating to personal jurisdiction and sufficiency and service of process;

2. An order requiring Akzo to participate in the mediation and be prevented from delaying the mediation with motions relating to unfounded jurisdictional and process defenses;

3. An order requiring Akzo to identify the correct parties to this Third-Party lawsuit if Akzo continues to assert that it is not responsible for the catalyst involved in the underlying lawsuits.

The vacatur will be granted without any of the conditions requested by Third-Party Plaintiffs. Akzo should not be punished for Third-Party Plaintiffs' insufficient process of service on Akzo.