(No. 12198.—Reversed and remanded.)
JOSEPH LESCZAUSKIS, Defendant in Error, *vs.* WILLIAM
Downs, Plaintiff in Error.

*Opinion filed December 18, 1918—Rehearing denied Feb. 6, 1919.*

BONDS—*when judgment against the principal is not admissible against sureties.* Where the obligee in a contractor's bond brings a suit for damages against the principal and his sureties but the sureties, only, are served, the summons as to the principal being returned not found, and after the sureties have filed their affidavits of a meritorious defense the suit is dismissed as to them, the fact that an *alias* summons is later issued and served on the principal and judgment recovered against him by default does not make the judgment binding on the sureties or admissible in a subsequent suit against them on the bond, where there is nothing to indicate that they had notice of the issue and service of the *alias* summons or were given an opportunity to defend.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding.

HENRY L. WILSON, (F. P. READ, of counsel,) for plaintiff in error.

CHARLES C. BODENSTAB, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Joseph Lesczauskis recovered a judgment in the municipal court of Chicago against William Downs in an action of debt upon a penal bond for the penalty of the bond, $13,900, to be satisfied upon the payment of $2234.34 damages. The Appellate Court affirmed the judgment, and the case has been certified to this court for review in response to a writ of *certiorari*.

The bond was executed by H. Preikschat and William Downs to secure the performance by Preikschat of a con-

tract for the construction of a three-story brick building and a fence six feet high for the defendant in error upon certain premises in Chicago by July 31, 1913, for a consideration of $12,900. The bond named Preikschat as principal and Joseph Ridikas and William Downs as sureties and all three signed it, but after Ridikas signed it his signature and his name in the body of the instrument were stricken out by drawing a line through them in red ink. On the trial it was claimed that the name of Ridikas had been stricken from the bond and his signature erased after the plaintiff in error signed the bond, without the knowledge or consent of the plaintiff in error, and it is argued that the preponderance of the evidence shows this to be true. Upon this question of fact the evidence was conflicting and we are not authorized to determine upon which side was the preponderance. We can review the record only as to questions of law. Preikschat having failed to complete the contract and abandoned the work, the defendant in error, after notice to him and to the plaintiff in error, completed the building and in this suit seeks to recover the cost in excess of the contract price.

Before bringing this suit, which was begun on November 23, 1914, defendant in error had brought a suit in the municipal court against Preikschat, Ridikas and Downs for $2844.34 damages. Ridikas and Downs, only, were served, the summons being returned not found as to Preikschat. Ridikas and Downs appeared and filed affidavits of meritorious defense, and on September 23, 1914, the suit was dismissed as to them. Two days later an alias summons was issued for Preikschat, which was served, and on October 19, 1914, a judgment was rendered against him by default for damages assessed at $2234.34.

On the trial of the present case the defendant in error offered in evidence certain receipts for money paid by him for the completion of the building. Some of these were admitted in evidence and others were refused because it was

not shown that the items were fair and reasonable. This evidence failing to show that the defendant in error had sustained damages, he thereupon introduced in evidence the record of the previous suit and the judgment against Preikschat. The plaintiff in error objected to this evidence because the judgment was against Preikschat alone; that the suit was dismissed as to the other defendants, who were not bound by the judgment; that at the time it was dismissed there was no service of summons on Preikschat, against whom summons was issued two days later, and that in order to find the plaintiff bound by the judgment, proof was necessary that he had notice of the service of summons upon Preikschat and an opportunity to defend the suit.

In the case of *Henry* v. *Heldmaier,* 226 Ill. 152, a suit was brought upon a bond to secure the performance of a contract to do certain work for Ernst Heldmaier on a sanitary canal. The condition of the bond was that if the contractors should well and truly keep and perform the contract in the time and manner therein described then the obligation should be void, otherwise in full force. Before the suit on the bond a decree had been rendered in a chancery proceeding between Heldmaier and the principals in the bond, finding that the latter had failed to comply with the contract and directing the payment to Heldmaier of an amount of money exceeding the penalty of the bond. In the suit on the bond this decree was offered in evidence for the purpose of proving the amount due on the bond, and the sureties objected that it was not competent evidence against them because they were not parties to it. They had been made parties to the cross-bill upon which the decree was rendered, had demurred to the cross-bill and the suit was dismissed as to them. It was held that where sureties have notice of the pendency of a suit against the principal the judgment is *prima facie* evidence against them. In this case the sureties had notice of the suit by being made par-

ties to it and an opportunity to defend, of which they did not avail themselves.

In *Wanack* v. *People,* 187 Ill. 116, the suit was upon a bond conditioned according to the provisions of section 5 of the Dram-shop act which require that the keeper of a dram-shop shall first give a bond, with sureties, conditioned that he will pay to all persons all damages that they may sustain, either in person or property or means of support, by reason of his selling or giving away intoxicating liquors. It was held that a judgment for such damages against the principal, alone, especially where the surety had been notified and had an opportunity to defend, is *prima facie* evidence as to the amount of damages in the suit against the surety. In this case the surety not only had notice of the pendency of the suit against the principal but actually appeared and assisted in the defense. In the opinion the court cited the rule announced in Brandt on Suretyship and Guaranty, (sec. 524,) as follows: "Although there is a conflict of authority on the subject, it seems to be the better opinion that, except in cases where, upon the fair construction of the contract, the surety may be held to have undertaken to be responsible for the result of a suit, or when he is made privy to the suit by notice and the opportunity being given him to defend it, a judgment against the principal, alone, is, as a general rule, evidence against the surety of the fact of its recovery, only, and not of any fact which it was necessary to find in order to recover such judgment."

In Baylies on Sureties and Guarantors (140) it is said: "At common law a mere surety for the payment of a debt, without any agreement, express or implied, to be bound by a suit between the principal parties, is no more affected by its event, if against him, than a mere stranger. Except in cases where, upon a fair construction of the contract, the surety may be held to have undertaken to indemnify his principal against the result of a suit, or where he is made a privy to a suit by notice and the opportunity to defend be-

ing given to him, a judgment against the principal is proof against the surety only of the fact of its recovery, and not that the facts *in pais,* against which the surety agreed to indemnify, were established in the litigation."

In *Grommes* v. *St. Paul Trust Co.* 147 Ill. 634, we said: "Some cases hold that the judgment is conclusive evidence against the surety, but these will generally be found to be cases where the contract of the surety obligates him to be responsible for the result of a suit against his principal, or where he has been made privy to the suit against the principal by notice and has been given an opportunity to defend it. (2 Brandt on Suretyship and Guaranty, secs. 630, 631, 632; 2 Black on Judgments, secs. 586 and 592; 1 Freeman on Judgments, sec. 180.) The general tendency of the decisions is in favor of the position that, in the absence of such notice and opportunity to defend or of such assumed responsibility for the result of a court proceeding, the judgment against the principal is not conclusive against the surety but can only be introduced against him as evidence of its own existence, and not as evidence of any of the facts upon which its recovery rests. (Idem.) As to the latter it is *res inter alios acta."*

If it can be said in the present case that the plaintiff in error had notice of the suit against Preikschat he certainly had no opportunity to defend. When the suit was dismissed as to the plaintiff in error and Ridikas, Preikschat was not in court, though the suit had been pending eight months, during which time, apparently, no effort had been made to serve him with summons. Two days afterward summons was issued, which was served and judgment was promptly rendered against Preikschat by default. There is no indication that Downs had any knowledge of the issue of the summons or of the default. Preikschat made no defense, and without notice from him and his consent the plaintiff in error could make none. Under these circumstances the judgment could not be regarded as evidence

against the plaintiff in error of any of the facts necessary to its recovery and it was error to receive it in evidence.

The judgments of the Appellate and municipal courts will be reversed and the cause remanded to the municipal court.          *Reversed and remanded.*