# The People of the State of Illinois for use of Frank Cech, Appellant, v. Henry M. Christy and The American Surety Company, Appellees.

## Gen. No. 31,495.

1. PLEADING—*conclusions not to be pleaded.* Allegations of conclusions cannot take the place of allegations of facts warranting prima facie the conclusions.

2. JUSTICES OF THE PEACE—*averment of breach of duty in action on bond.* In an action on a justice's bond for a breach of the condition that he should faithfully discharge all the duties required of him by law, the declaration should state facts stating how and in what particular he has not faithfully discharged such duties.

3. JUSTICES OF THE PEACE—*averment of acting without jurisdiction in action on bond.* In an action on a justice's bond for wrongful performance of judicial acts, an allegation of the declaration that he acted "without jurisdiction" is a mere conclusion which cannot satisfy the necessity of alleging facts showing wherein the justice, in doing the acts charged, was not acting within the scope of his jurisdiction as justice.

4. JUSTICES OF THE PEACE—*liability for improper performance of judicial acts.* A justice of the peace is not liable for damage for any error in the performance of judicial acts within the scope of his jurisdiction.

5. JUSTICES OF THE PEACE—*averments as to unsatisfied judgment against justice in action on his bond.* In an action on a justice's bond for wrongful performance of judicial acts, an averment in the declaration that plaintiff was damaged by an unsatisfied judgment for plaintiff against the justice was insufficient in the absence of averments as to the nature of the judgment action, and how the judgment was or could be binding upon the surety and that the surety was a party to the judgment action or had notice and an opportunity to defend.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1926. Affirmed. Opinion filed October 4, 1927.

BANGS & FRANKHAUSER, for appellant; WENDELL McHENRY, of counsel.

EASTMAN, WHITE, HAWXHURST & LIND, for appellees; HOMER C. DAWSON, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

In an action in debt, commenced October 29, 1924, upon the official bond of Henry M. Christy, a justice of the peace in the township of Leyden, Cook county, Illinois, against him and the surety, the general and special demurrer of the American Surety Company to plaintiff's amended declaration was sustained, and, plaintiff electing to stand by the declaration, judgment was entered against plaintiff for costs, on March 27, 1926, and this appeal followed.

The sole question for our determination is, whether the court properly sustained the demurrer.

The declaration consisted of two counts, and an additional count to which the demurrer was ordered to stand. The debt and damages are placed at $400, and by way of inducement, plaintiff alleges in each count that defendants, by their writing obligatory, dated April 14, 1921, jointly and severally acknowledged themselves to be bound in the sum of $2,000, reciting that Christy had been duly elected a justice of the peace in and for said township of Leyden, and providing that if he should faithfully discharge all the duties required of him by law as such justice, then the bond was to be void, otherwise to remain in full force, and further reciting that the bond was approved by the clerk of the county court of Cook county, was filed for record, and became on April 15, 1921, the official bond of Christy, who qualified and took upon himself the faithful performance of the duties of the office and is still acting as such justice, and further alleged that Christy "has not faithfully discharged all the duties required of him by law as such justice, but has neglected and refused so to do," to the injury of said Frank Cech.

In the first count, "for assigning a breach" of the condition of the bond, plaintiff alleges that on Septem-

ber 12, 1921, in the village of Elmwood Park, Christy "did falsely and maliciously and without any reasonable and probable cause whatsoever charge the plaintiff (evidently meaning Cech) with having committed a certain offense punishable by law, to-wit, failure to obtain a dog license and register his dog with the village clerk, contrary to the ordinance of said village of Elmwood Park"; that upon such charge Christy "falsely and maliciously, while acting as such justice of the peace and under color of his office *but without jurisdiction,* caused and procured plaintiff (meaning Cech) to be arrested and to be kept in prison for three days," when he was "duly discharged and fully acquitted of said supposed offense, whereof said Christy *stands convicted* by the judgment of the Superior Court of Cook County, in the case of *Cech v. Christy et al.,* General Number 378,087"; that in said last-mentioned cause a judgment was rendered upon the verdict of a jury for $400, and costs, against Christy and is still unsatisfied and in full force; and that *"thereby* an action has accrued to plaintiff for the use aforesaid, to demand of the *defendants* the said sum of $400"; yet defendants, although requested, have not paid said sum or any part thereof to plaintiff, and refuse so to do, to plaintiff's damage for the use aforesaid of $400.

In the second count, "for assigning a breach," etc., plaintiff alleges that on September 12, 1921, while Christy was acting as such justice and while one Clarence I. Kinney was acting as a constable in and for the village of Elmwood Park, said Kinney appeared before Christy, so being such justice, and, "conspiring with said Christy and without any reasonable or probable cause, charged plaintiff (meaning Cech) with having failed to obtain a dog license and register his dog with the village clerk, contrary to the ordinance of the village of Elmwood Park"; that, "upon such charge, *defendants* (i. e. Christy and the

Surety Company), falsely and maliciously conspiring together and without any reasonable or probable cause, caused and procured said Christy, so being such justice, to make and grant his warrant under his hand for the apprehending and taking of plaintiff (meaning Cech) and for bringing plaintiff before him''; that ''*defendants,* under and by virtue of said warrant, afterwards    *    *    *, wrongfully and unjustly and without any reasonable or probable cause, caused and procured plaintiff (meaning Cech) to be arrested and kept in prison for three days''; that thereafter *defendants,* conspiring as aforesaid, ''falsely and maliciously and without any reasonable or probable cause, caused and procured plaintiff (meaning Cech) to be carried in custody before said Christy, so being such justice, to be examined touching the supposed offense''; that said Christy, having heard and considered all that *defendants* could say as to the supposed offense, thereupon in pursuance of said conspiracy ''adjudged and determined that plaintiff (meaning Cech) was guilty of the supposed offense''; that thereupon plaintiff (meaning Cech) ''sued out of the Superior court of Cook county a writ of *habeas corpus''* and said court caused him to be discharged, ''fully acquitted of said supposed offense''; that he *also* prosecuted an appeal from the judgment of said Christy as such justice to the criminal court of Cook county and said court dismissed the prosecution at the costs of said village of Elmwood Park and freed him; that *defendants* have not further prosecuted their complaint, but have abandoned the same, and the said prosecution is wholly ended; that *all* of which actions ''were taken and prosecuted unlawfully and wilfully by said Christy, while acting as such justice in and by virtue of his office    *    *    *, *whereof* the said Christy *stands convicted* by the judgment of the Superior Court of Cook County, in the case of *Cech v. Christy et al.,* General No. 378,087''; that

in said last-mentioned cause a judgment was rendered upon the verdict of a jury against said Christy for $400 and costs, which judgment is still unsatisfied and in full force; and that *"thereby* an action has accrued to plaintiff, for the use aforesaid, to demand of the *defendants* the said sum of $400," etc.

In the additional or third count, "for assigning a breach," etc., plaintiff alleges that on September 12, 1921, Christy, while acting as such justice, "did unlawfully, willfully and maliciously  *  *  *,  *but without jurisdiction,* cause plaintiff (meaning Cech) to be arrested and confined in a prison, commonly known as the Bridewell, in the city of Chicago," whereof he, Christy, *"stands convicted* by the judgment of the Superior Court of Cook County in the case of *Cech v. Christy et al.,* General No. 378,087," in which cause a judgment was rendered upon the verdict of a jury against said Christy for $400 and costs, and which judgment is still unsatisfied and in full force; and that *"thereby* an action has accrued to plaintiff," for use of Cech, etc.

After reviewing the allegations of each of the three counts of the declaration we are of the opinion that in none is a good cause of action stated against the defendants or either of them, and that the court properly sustained the general and special demurrer of the American Surety Company to the declaration, and, as plaintiff elected to stand by the declaration, properly entered the judgment appealed from. The hereinafter mentioned defects in the declaration, as we see them, are applicable to each and all of the counts. (1) Conclusions rather than facts are stated. It is well settled that in pleadings allegations of mere conclusions cannot take the place of allegations of facts warranting prima facie the conclusions. (2) The declaration is noticeable for what it does not allege. It does not allege that there was no ordinance of the village of Elmwood Park requiring owners of dogs to take out a

license or that Cech was not guilty of the offense charged against him. And it is not stated what was the nature of the action, No. 378,087, in the superior court of Cook county against Christy. And it is not stated how and in what particulars Christy has not faithfully discharged the duties of his office as required by law, concerning which performance the bond sued upon was given. (3) It does not allege facts showing wherein Christy, as a justice of the peace, in doing the acts as charged, was not acting within the scope of his jurisdiction as such justice. The allegation that he acted "without jurisdiction" is a mere conclusion. By virtue of paragraph 16 of the Justices and Constables Act, Cahill's St. ch. 79, ¶ 16, subd. 7, a justice of the peace has jurisdiction of actions arising under ordinances of cities, towns or villages, where the amount claimed does not exceed $300; and under paragraph 506 of chapter 24 of the Illinois Statutes (Cahill's St. ch. 24, ¶ 506) a justice or magistrate has power to imprison any person, fined for a violation of an ordinance of a city or village, until said fine is paid—the term of such imprisonment not to exceed six months for any one offense. Furthermore, it is the law that a justice of the peace is not liable for damages for any error or irregularity in the performance of judicial acts within the scope of his jurisdiction. As said in 35 C. J. 471, ¶ 32: "The injured party has a remedy in such case by appeal or writ of error. This immunity from civil liability is based upon considerations of public policy, * * *. By the weight of authority a justice acting within his jurisdiction is not civilly liable, even though he acts corruptly or maliciously, the remedy for fraud or corruption being by impeachment." (See, also, *Lancaster v. Lane,* 19 Ill. 242, 245; *Outlaw v. Davis,* 27 Ill. 467, 473; *Feld v. Loftis,* 240 Ill. 105, 107.) (4) The declaration does not allege any facts showing how the alleged judgment in the superior court against Christy, Gen. No. 378,087, was or could be binding

upon the surety on Christy's bond (American Surety Company). Furthermore, the declaration does not allege that said Surety Company was a party to the suit in the superior court, or state any facts showing that Christy's bond was in any way involved therein, or that, if it was, the Surety Company was giving any notice thereof or given any opportunity to defend. (See *Grommes v. St. Paul Trust Co.*, 147 Ill. 634, 647; *Lesczauskis v. Downs*, 286 Ill. 281, 285.) In *People v. Zingraf*, 43 Ill. App. 337, 338, it is said: "When the condition (of a bond) is to abide the order or judgment of a court, the action of the court binds the surety, though he had no opportunity to influence it; but if it be to perform an act *in pais,* then such a judgment against the principal is not evidence against the surety." Counsel for plaintiff in their reply brief here filed, direct our attention to a statement in 29 Cyc. 1465, ¶ 5b, viz, that a "judgment obtained against a principal *in an official bond* is generally regarded as *prima facie,* but not conclusive, evidence, in a suit against the sureties to enforce the liability on the bond." But the citation is not in point because it is not alleged in the declaration that said judgment alleged to have been obtained against Christy in said suit in the superior court, Gen. No. 378,087, was a suit upon Christy's official bond, nor are any facts alleged showing that said bond was in any manner involved in said suit.

Our conclusion is that the judgment appealed from should be affirmed and such will be the order.

*Affirmed.*

BARNES, P. J., concurs. WELLS, J., took no part in the decision. His predecessor, FITCH, J., concurred in the conclusion reached.