DUTCH FARM MEATS, INC., Plaintiff-Appellee, v. HORIZON FOODS, INC., Defendant (Prime Foods, Inc., Defendant-Appellant).

First District (5th Division)   No. 1—94—2640

Opinion filed September 1, 1995.—Rehearing denied October 4, 1995.

Robert C. Samko, P.C., of Chicago (Robert C. Samko, of counsel), for appellant.

Collins & Collins, of Chicago (Michael R. Collins, Ann M. Morrone, and Tracy L. Wesley, of counsel), for appellee.

JUSTICE T. O'BRIEN delivered the opinion of the court:

Defendant, Prime Foods, Inc. (Prime Foods), appeals from an order of the circuit court of Cook County which denied its petition to quash the return of summons. On appeal, defendant contends that the court erred in concluding that the substitute service effectuated by plaintiff through the Secretary of State was proper. We disagree and affirm the circuit court's order.

On July 24, 1991, plaintiff, an Indiana corporation, filed a breach of contract action against Horizon Foods, Inc. (Horizon), an Illinois corporation, seeking payment of $50,339.27 for the delivery of certain meat products. Plaintiff filed a second amended complaint on August 14, 1992, adding a derivative count against defendant Prime Foods based on Horizon's sale of substantially all of its assets to Prime Foods. This derivative count arose out of Prime Foods' failure to notify Horizon's creditors in accordance with Illinois' bulk transfer provisions. Ill. Rev. Stat. 1989, ch. 26, par. 6—101 *et seq.*

In the following month, plaintiff's attorney, Chandramathi Hanumadass, ascertained the name and address of Prime Foods' registered agent through the office of the Secretary of State. Hanumadass then prepared a summons directed to that agent, at the registered address, 2 North La Salle, Suite 725, Chicago, Illinois. The sheriff unsuccessfully attempted to serve the summons on October 2, 1992, and his return indicated that the agent had moved.

In March 1993, Hanumadass again contacted the Secretary of State to see if defendant or its agent had filed a change of address. According to the Secretary of State, the listing had not been changed in any way. Hanumadass then prepared an affidavit for compliance with service on the Secretary of State and filed it with a copy of the complaint and the summons. Hanumadass also sent a copy of the original summons, the complaint and a copy of the affidavit of compliance for service on the Secretary of State by certified mail, return receipt requested, to (i) the registered agent at the address indicated and (ii) the president of Prime Foods, Hasan Farid, at 7623 Sussex Creek Drive in Darien, Illinois. Hanumadass received a return receipt of delivery at the latter address, dated April 3, 1993, which was signed by Susan Farid. However, no certified mail or return receipt of the materials sent to defendant's registered agent was ever received.

On July 21, 1993, plaintiff proceeded *ex parte* against Horizon, and the circuit court entered judgment in the amount requested. The court also considered plaintiff's motion for a default judgment against defendant for failing to appear. Noting the documents indicating proof of service on the Secretary of State and return receipt of the materials sent to Hasan Farid, the court continued the case for seven days so that plaintiff could prepare a supporting memorandum on the issue of the applicability of the Illinois bulk transfer provision to defendant. Plaintiff complied with the court's directive, and on July 30, 1993, the court entered a default judgment in favor of plaintiff and against defendant in the amount of $50,339.27 plus costs.

On February 18, 1994, plaintiff filed a citation to discover assets against the president of Prime Foods, and he was personally served four days later. On August 15, 1994, defendant filed a special and limited appearance to contest the court's jurisdiction through the substitute service. Defendant asserted that, contrary to the Illinois Business Corporation Act of 1983 (805 ILCS 5/1.05 *et seq.* (West 1992)), plaintiff did not exercise reasonable diligence in personally serving defendant given its public *persona, i.e.,* that it was doing business at two locations in the city and that it was listed in the telephone directory. Moreover, defendant's agent's present address was

similarly listed in the telephone directory as well as in established legal directories.

The circuit court denied defendant's motion to quash summons, finding that plaintiff used reasonable diligence to serve defendant's agent at its registered office before serving process on the Secretary of State. Defendant appealed.

Defendant claims that plaintiff's substitute service on the Secretary of State was improper because plaintiff failed to exercise reasonable diligence to effectuate service. We disagree.

■ Section 2—204 of the Code of Civil Procedure provides, in part:

> "A private corporation may be serviced (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law." (735 ILCS 5/2—204 (West 1992).)

One of the alternatives contemplated in subsection (2) is found in the Business Corporation Act, which provides, in pertinent part:

> "(a) Any process, notice, or demand required or permitted by law to be served upon a domestic corporation *** may be served either upon the registered agent appointed by the corporation or upon the Secretary of State as provided in this Section.
>
> (b) The Secretary of State shall be irrevocably appointed as an agent of a domestic corporation *** upon whom any process, notice or demand may be served:
> ***
> (2) Whenever the corporation's registered agent cannot with reasonable diligence be found at the registered office in this State ***." 805 ILCS 5/5.25 (West 1992).

Thus, plaintiff had several statutory options available to it in effecting service upon defendant. The record shows that plaintiff initially attempted to serve defendant's registered agent at the office designated with the Secretary of State. The sheriff's return indicates that this summons could not be served because the agent had moved. Subsequent inquiries revealed the registered agent had never notified the Secretary of State of the change of address. Upon obtaining this information, plaintiff's attorney set in motion the steps necessary to serve defendant through the Secretary of State in accordance with the above-cited provisions of the Business Corporation Act.

Defendant, however, maintains here, as it did in the circuit court, that plaintiff's single failed attempt to serve its registered agent and subsequent inquiry to learn if there was any change of address did not constitute the reasonable diligence necessary for proper substitute service. In support of its position, defendant argues that

because it was conducting business at two locations and that it and its agents were listed in accessible directories, their location for service of process could have been ascertained with a minimum of effort. Plaintiff's failure to do so, defendant asserts, requires that the summons be quashed.

In rejecting defendant's contention, the circuit court noted that the statute requires only that an attempt be made to locate the registered agent *at its registered office.* The court found plaintiff's attempt, therefore, sufficient to meet requirements of the Business Corporation Act, citing *Westphall v. Trailers, Campers, Campgrounds, Inc.* (1979), 76 Ill. App. 3d 205, 392 N.E.2d 741. In *Westphall,* the court upheld as proper the service of summons and the notice of default proceedings on the Secretary of State.

Defendant seeks to distinguish *Westphall,* pointing out that (i) the plaintiff there had retained a private investigator to learn where defendant could be reached, (ii) defendant was not actively engaged in business at the time, (iii) defendant's insurance carrier had been advised of plaintiff's claims, and (iv) plaintiff had made two additional attempts to notify defendant of the pending action after the suit was filed. In rendering its decision in this case, however, the circuit court observed that the court in *Westphall* did not rely on these additional measures in deciding that the substitute service on the Secretary of State was proper, concluding that no additional measures were necessary.

■ The language of the statute, set forth above, speaks to "reasonable diligence" only in relation to finding the registered agent *at the registered office* in this State and therefore supports the conclusion drawn by the circuit court. Nothing in the statute requires a plaintiff to seek out the new location of the registered agent once the agent abandons or moves from the registered office and fails to notify the Secretary of State of the new address. Nor does the phrase "reasonable diligence" require attempted service on a corporate officer or other agent. The places of inquiry suggested by defendant are simply irrelevant. Defendant asks this court to interpret the phrase "cannot with reasonable diligence be found at the registered office" to mean that a plaintiff must show reasonable diligence in attempting service of summons by other means. Such an interpretation, however, would extend the requirement of reasonable diligence beyond that which is expressly stated in the statute. (*People v. Eagle Food Centers, Inc.* (1964), 31 Ill. 2d 535, 539, 202 N.E.2d 473 (statutes will be construed strictly and not extended beyond their terms); *In re Estate of Leichtenberg* (1956), 7 Ill. 2d 545, 552, 131 N.E.2d 487 (where the legislature expressly mentions a term, such express enumeration implies the

exclusion of all others).) For these reasons, we must reject defendant's contention.

Our analysis is further strengthened by decisions from other jurisdictions where the same issue has been raised. In *Bricks v. Walker Showcase, Inc.* (1985), 255 Ga. 122, 124, 336 S.E.2d 37, 38, the Georgia Supreme Court construed a statute virtually identical to that under consideration in this case. Defendant there argued that before plaintiff could effectuate service on the Secretary of State, plaintiff first had to attempt to serve an officer or agent of the corporation at the corporation's business. The court rejected the contention, holding that "if service is sought under the Corporation Code it is immaterial that the agent could be located and served at some other place in the state." In another case, the appellate court of that same jurisdiction noted that "when a plaintiff cannot with reasonable diligence find the registered agent at the registered office, he is expressly relieved of any burden to exhaust other methods of service before serving the Secretary of State." *Fraizer v. HMZ Property Management Inc.* (1982), 161 Ga. App. 195, 196, 291 S.E.2d 4, 5. See also *D. & C. Trading Co. v. Indian Products, Ltd.* (1986), 179 Ga. App. 198, 345 S.E.2d 865 (where registered agent not found after reasonable diligence at registered office, service on Secretary of State proper without regard to how easily registered agent's new address might have been located).

Nevertheless, defendant argues that the provision for substituted service upon a corporation is in place to allow service upon a corporation that otherwise cannot be found. Defendant urges that, in this case, plaintiff could have found the registered agent with minimal effort. However, a similar argument was rejected in *Harold-Elliot Co. v. V.K.P. Miller Realty Growth Fund I* (Tex. Ct. App. 1993), 853 S.W.2d 752. There, plaintiff attempted service on the corporate registered agent. However, the return of process indicated that the agent had moved from the listed registered office. The new address, however, was recorded on the return. Plaintiff thereafter served the Secretary of State, but listed the original address of the registered agent. The process sent by the Secretary of State pursuant to the statute was returned "not deliverable as addressed—unable to forward." Plaintiff then obtained an *ex parte* judgment. Defendant appealed, challenging the propriety of the substituted service. The court criticized the intent of the statute, whose language is identical to our statute. The court believed the statute allowed a party to completely "ignore information it has concerning the proper address *** and then deny that party its day in court by obtaining a no-notice default judgment." (853 S.W.2d at 755.) Despite the criticism,

the court rejected defendant's argument, observing that it was a matter for legislative amendment to change the meaning and intent of the statute.

We note in this case, unlike in *Harold-Elliot*, that the summons was sent by certified mail to the president of defendant corporation, as required by the Illinois Business Corporation Act. The summons was received and signed by the wife of the president of the corporation. Moreover, there is nothing in the record indicating Hasan Farid was unaware of this law suit prior to the time a default judgment was obtained.[1]

Further we find, as did the circuit court, defendant's reliance on *National Wrecking Co. v. Midwest Terminal Corp.* (1992), 234 Ill. App. 3d 750, 601 N.E.2d 999, *appeal granted* (1992), 147 Ill. 2d 628, 606 N.E.2d 1228, *appeal dismissed* June 15, 1993, is misplaced. In *National Wrecking*, plaintiff filed suit to foreclose a mechanic's lien and served process on the Secretary of State. Defendant claimed, and the court noted, that because plaintiff had been corresponding with the president and secretary of the company, either of whom could have been properly served as agent and could have ascertained the appropriate mailing address by closer review of the company's records, service on the Secretary of State as irrevocable agent of the corporation was improper. *National Wrecking*, 234 Ill. App. 3d at 766.

We observe, however, that this portion of the opinion was *dicta*, because the *National Wrecking* court then ruled that defendant had waived any objection to service by filing a general appearance and answering plaintiff's complaint. (*National Wrecking*, 234 Ill. App. 3d at 766.) Even if that were not the case, we do not believe that *National Wrecking* would require a different result here. As the trial court commented in its order and memorandum, no registered agent was revealed in *National Wrecking*, nor was there any indication that plaintiff attempted to serve the agent before opting to serve the Secretary of State. No such glaring omissions are evident in this case. The record here discloses that plaintiff attempted to serve the registered agent and, when that failed, attempted to learn if the registered agent recorded a new address with the Secretary of State. Only then did plaintiff proceed with the substitute service provided for in the Business Corporation Act.

We believe, as did the circuit court, that the measures taken by

---

[1] We note that the two affidavits in support of defendant's unverified special and limited appearance attest to only paragraphs 6 and 7 of that pleading, neither of which denies receipt of the summons by Hasan Farid.

plaintiff constituted reasonable diligence under the applicable statute and imbued the court with the necessary jurisdiction to enter the default judgment. The judgment of the circuit court of Cook County is therefore affirmed.

Affirmed.

COUSINS, P.J., and McNULTY, J., concur.