**UNITED STATES of America for the Use and Benefit of FRONTIER CONSTRUCTION, INC. and Frontier Construction, Inc., Plaintiffs,**

v.

**TRI–STATE MANAGEMENT COMPANY and North American Specialty Insurance Company, Defendants.**

No. 02 C 3341.

United States District Court,
N.D. Illinois,
Eastern Division.

April 15, 2003.

James X. Bormes, Law Office of James X. Bormes, Chicago, IL, for the United State of America for the Use and Benefit of, Frontier Construction, Inc., in its individual capacity, plaintiffs.

Michael J. Weber, Joel R Page, Leo & Weber P.C., Chicago, IL, for Tri–State Management Company, North American Specialty Insurance Company, defendants.

## *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

Defendant Tri–State Management Company ("Tri–State") entered into a general contract with the United States Postal Service to perform work on a post office building expansion. As required by the Miller Act, 40 U.S.C. § 270a *et seq.*, Tri–State executed a payment bond.[1] Defendant North American Specialty Insurance Company ("NAS") signed the bonds as surety. Plaintiff Frontier Construction, Inc. ("Frontier") entered into a subcontract with Tri–State to provide labor, equipment, and material for the post office expansion. Frontier claims that it was not fully paid, and consequently, it filed a Miller Act claim against Tri–State and NAS.[2] At the same time, it filed a demand for arbitration with Tri–State pursuant to their subcontract. Following an arbitration in which Tri–State failed to appear, an award was entered against Tri–State in the amount of $41,450.45 plus interest, as well as $7,521.09 in attorneys' and arbitration fees. Frontier now moves to confirm this award and enter judgment against both Tri–State and NAS. I grant the motion in part, confirming the award and entering judgment against Tri–State only.

Tri–State, though properly served,[3] has not filed an appearance in this case and only NAS has objected to Frontier's motion. NAS does not object to confirmation of the arbitration award, only to an entry of judgment against it. Under section 9 of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, if the arbitration agreement indi-

---

1. The Miller Act requires payment bonds in order to protect suppliers whose materials and labor go into federal public projects; normal state mechanics' lien remedies are unavailable to subcontractors performing work on federal projects. *United States ex rel. Westinghouse Elec. Supply Co. v. Sisson*, 927 F.2d 310, 312 (7th Cir.1991).

2. The complaint also included counts stating breach of contract and *quantum meruit* claims against Tri–State.

3. Service may be effected pursuant to state law of the state in which the district court sits. Fed.R.Civ.P. 4(h)(1), (e)(1). In Illinois, process may be served on a corporation by serving the Secretary of State whenever the corporation's registered agent cannot with reasonable diligence be found at its registered office in Illinois. *Dutch Farm Meats, Inc. v. Horizon Foods, Inc.*, 275 Ill.App.3d 322, 211 Ill.Dec. 629, 655 N.E.2d 1012, 1014 (1995) (citing 735 ILCS 5/2–204; 805 ILCS 5/5.25). Here, after an unsuccessful attempt to serve Tri–State at its office, process was served upon the Secretary of State. This is proper service on Tri–State. *Id.* (single attempt to serve defendant at registered address constitutes reasonable diligence sufficient to allow substitute service on Secretary of State).

cates that a court judgment shall be entered upon the arbitration award (a "consent-to-confirmation clause"), I must grant a motion to confirm the award unless it is vacated, modified or corrected under sections 10 or 11 of the Act. As the arbitration agreement here contains a consent-to-confirmation clause, and no party before me indicates any reason to vacate, modify, or correct the award, the arbitration award is confirmed. Judgment is entered against Tri–State accordingly.

The only contested issue is whether judgment can be entered against NAS. Frontier does not argue that NAS was bound by the agreement to arbitrate contained in the Frontier/Tri–State subcontract. Thus, Frontier does not argue that the arbitration award was rendered against NAS as well as Tri–State. Indeed, the arbitration award was rendered against Tri–State only, with no mention of NAS. (Pl.'s Mot. for Confirmation of Award Ex. 6.) Frontier argues that NAS is nevertheless liable for the arbitration award rendered against Tri–State. In support of this position, Frontier cites *United States ex rel. Skip Kirchdorfer v. M.J. Kelley Corp.*, 995 F.2d 656 (6th Cir. 1993) and *United States ex rel. Aurora Painting, Inc. v. Fireman's Fund Insurance Co.*, 832 F.2d 1150 (9th Cir.1987).

In those cases, like ours, subcontractors on federal public works projects obtained arbitration awards against general contractors. In subsequent suits under the Miller Act, the general contractors' sureties were held liable for the arbitration awards. The theory upon which those cases rely is one of preclusion. Both *Skip Kirchdorfer* and *Aurora Painting* cited dicta in *Frederick v. United States*, 386 F.2d 481 (5th Cir.1967), which stated that "[a] judgment against a principal conclusively establishes against a surety the fact of, and amount of, the principal's liability ... if obtained in a suit of which surety

had full knowledge and opportunity to defend." *Id.* at 485 n. 6. *Skip Kirchdorfer* and *Aurora Painting* apply this principle of preclusion where the prior judgment against the principal is an arbitration award. *Skip Kirchdorfer*, 995 F.2d at 661; *Aurora Painting*, 832 F.2d at 1153. The question is whether the arbitration award rendered against Tri–State is preclusive as to the fact and amount of NAS's liability to Frontier.

The source of law that governs the preclusive effect of an arbitration award is not well developed. *See* 18b Charles Alan Wright et al., Federal Practice and Procedure § 4475.1 (2d ed.2002). The court in *Skip Kirchdorfer*, without discussion of its reasons for doing so, applied both state and federal law in determining that the subcontractor's arbitration award against the general contractor was preclusive as to the general contractor's surety's liability. 995 F.2d at 661. *Aurora Painting* applied state law to determine the preclusive effect of the arbitration award against the general contractor, citing the full faith and credit statute, 28 U.S.C. § 1738. 832 F.2d at 1152–53. In that case, however, the arbitration award had been confirmed by a state court. *Id.* at 1151. *See also* Wright et al., § 4475.1 ("[I]t seems to be agreed that once a state court has confirmed an award, the full faith and credit statute requires other courts to look to the law of that state."). Here, regardless of whether federal or state law is applied, the result is the same.

With respect to federal law, some circuit courts (such as the Sixth Circuit in *Skip Kirchdorfer* and the Ninth Circuit in *Aurora Painting* ) follow the rule expressed in the *Frederick* dicta. *See Drill South, Inc. v. Int'l Fid. Ins. Co.*, 234 F.3d 1232, 1235 (11th Cir.2000) ("[T]he general rule that has emerged is that a surety is bound by any judgment against its principal ...

when the surety had full knowledge of the action against the principal and an opportunity to defend it."). While it appears that NAS had notice that arbitration proceedings between Frontier and Tri–State were going to occur (Pl.'s Mot. for Confirmation of Award Exs. 4,5) (correspondence between counsel for NAS and counsel for Frontier), there is no indication that NAS had an opportunity to present defenses to Frontier's claims in the arbitration. *Cf. Skip Kirchdorfer*, 995 F.2d at 661 (sureties had "an unusually close relationship" to principal that included sharing the same attorney who was an officer in principal's corporation); *Aurora Painting*, 832 F.2d at 1153 (surety tendered its defense to principal and used the same counsel as principal).

Additionally, one circuit court has questioned whether the general rule that a judgment against a principal is binding on a surety with notice and opportunity to defend is even applicable in the Miller Act context. *United States Fid. & Guar. Co. v. Hendry Corp.*, 391 F.2d 13, 17 (5th Cir.1968) ("This principle is inapposite when the plaintiff's recovery depends upon a Miller Act bond."). In that case, the Fifth Circuit held that "a state judgment in a suit between a subcontractor and a prime contractor does not bind the surety in the subcontractor's Miller Act suit against it." *Id.* at 20. The court found that one important purpose of the Miller Act's grant of exclusive federal jurisdiction, 40 U.S.C. § 270b(b), was to protect sureties from judgments arising out of multiple litigation in different forums that might exceed the amount of the bond. *Id.* at 18. As a result, "a state court judgment that would bind a surety on his Miller Act bond offends the congressional mandate." *Id.* At least one district court has applied *Hendry* to arbitration awards, holding that an arbitration proceeding between a subcontractor and a prime contractor would not have preclusive effect against the

prime contractor's Miller Act surety. *Pensacola Const. Co. v. St. Paul Fire & Marine Ins. Co.*, 705 F.Supp. 306, 311–14 (W.D.La.1988) ("If the surety were forced to defend his bond in every arbitration proceeding that his indemnitee might be involved in, he would lose the protection that Congress granted the Miller Act surety. The surety would face the possibility of inconsistent results in the different forums and might end up being made liable for more than the amount of the bond.").

Federal law is thus far from clear (and the Seventh Circuit has not weighed in) as to whether and in what circumstances a Miller Act surety may be liable for an arbitration award against its principal. Whichever rule is applied, however, leads to the same result. If the *Hendry/Pensacola Construction* rule is followed, NAS is not liable for the award against Tri–State because a surety cannot be bound by such an award. Even if the *Skip Kirchdorfer/Aurora Painting* rule applies, NAS is not liable because an arbitration in which a surety did not have an opportunity to defend itself is not preclusive as to the surety's liability. Further, the arbitration award here was essentially a default judgment against Tri–State, as Tri–State failed to appear for the arbitration. (Pl.'s Mot. for Confirmation of Award Ex. 6.) As the argument that sureties are bound by an arbitration award against a principal is grounded in a theory of preclusion, the fact that a majority of federal courts (including the Seventh Circuit) do not give preclusive effect to default judgments, *Stephan v. Rocky Mountain Chocolate Factory*, 129 F.3d 414, 418 (7th Cir.1997), supports a finding that the award against Tri–State does not conclusively establish the liability of NAS.

Even if it is not federal law at all, but rather state law that determines the preclusive effect of an arbitration award, ap-

plication of Illinois law leads to the same result. Like the rule from the *Frederick* dicta, Illinois law requires that a surety have notice and an opportunity to defend before a judgment against its principal can preclusively establish liability against it. *See Lesczauskis v. Downs,* 286 Ill. 281, 121 N.E. 590, 591 (1918) ("[I]n the absence of such notice and opportunity to defend ... the judgment against the principal is not conclusive against the surety."); *State Bank of Blue Island v. Benzing,* 383 Ill. 40, 48 N.E.2d 333, 340 (1943) (citing *Lesczauskis*). As noted above, while NAS had notice of the arbitration between Tri–State and Frontier, there is no indication that NAS had any opportunity to present defenses in that proceeding. Illinois law stresses the importance of allowing a surety to present defenses to its own liability on a bond. "[T]he requirement of a judgment on the bond against the surety is more than a mere technical formality. It insures the surety of a hearing and an adjudication of the issues relevant to [its] liability on the bond." *Westbrooks v. Finley,* 11 Ill.App.2d 428, 138 N.E.2d 77, 79 (1956).

Further, at least one court in this district applying Illinois law held in an analogous case that a prior default judgment against a principal was not preclusive in a suit against the principal's guarantors. *Dale v. Frank,* No. 85 C 5891, 1986 WL 1004 (N.D.Ill. Jan. 6, 1986). The court in that case held that a default judgment against a promissory note principal was not preclusive as to the note's guarantors because no judgment on the merits had been made. "The issue of the [principal's] liability on the underlying note—breach of contract, fraud, etc.—has yet to be presented in court. To bar [the guarantors from asserting defenses of the principal] at this point would be to deny them any day in court." *Id.* at *1 (emphasis omitted). Here, similarly, no defenses of Tri–State (which NAS, as surety, is entitled to as-

sert, *Metropolitan Pier & Exhibition Authority v. Mc3D,* 56 F.Supp.2d 984, 989 (N.D.Ill.1999)) were presented in the arbitration, and to bar NAS from presenting them here would deny it its day in court.

Regardless of whether federal or Illinois determines the preclusive effect of the arbitration award against Tri–State, the award does not conclusively establish liability of NAS to Frontier. Even assuming that arbitration awards against a contractor can be preclusive as to the contractor's Miller Act surety's liability, NAS has had no opportunity to present defenses either as to its own liability on the bond, or as to Tri–State's liability on the subcontract, which NAS is entitled to assert in its own defense. Frontier is free to proceed with its Miller Act claim against NAS here; my ruling today is simply that the arbitration award itself does not conclusively establish liability. Entry of judgment against NAS at this point would be premature.

Plaintiff's motion for confirmation of the arbitration award and entry of judgment against defendants is GRANTED IN PART AND DENIED IN PART. The arbitration award is confirmed, and defendant Tri–State is hereby ordered to pay Frontier the sums described in the award. With respect to defendant NAS, however, Frontier's motion for entry of judgment is denied.