2023 IL App (1st) 220549

No. 1-22-0549

December 15, 2023

Sixth Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MICHELLE AMABA and CHRISTOPHER COZZA, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | No. 20 M3 002718 |
| | ) | |
| RFJ LAND MANAGEMENT, LLC, | ) | The Honorable |
| | ) | James Pieczonka, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE C.A. WALKER delivered the judgment of the court, with opinion.
Justices Hyman and Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal derives from the circuit court's grant of defendant-appellee RFJ Land

Management, LLC's motion to quash service of process. Plaintiffs-appellants Michelle Amaba

and Christopher Cozza argue the circuit court erred in granting the motion because they complied

with the service of process requirements set forth in section 1-50 of the Limited Liability Company

Act (Act) (805 ILCS 180/1-50 (West 2020)). For the following reasons, we reverse the circuit

court's order granting defendant's motion to quash service of process, and we reinstate the default judgment order dated February 11, 2021.

¶ 2                                    I. BACKGROUND

¶ 3      On June 18, 2020, plaintiffs filed a complaint against defendant for breach of contract. On January 19, 2021, plaintiffs filed a motion for default judgment. The circuit court granted the motion and entered a judgment in favor of plaintiffs on February 11, 2021. On January 27, 2022, defendant filed a motion to quash service of process pursuant to section 2-301 of the Code of Civil Procedure (735 ILCS 5/2-301 (West 2022)). The motion alleged plaintiffs failed to serve defendant's registered agent at the address listed with the Illinois Secretary of State in accordance with statutory service requirements, and therefore, the court did not have jurisdiction to enter the default judgment. In an affidavit accompanying the motion, Mark Jozefik averred he was the manager and registered agent of defendant; his address was the 2700 block of Tichfield Terrance in Johnsonburg, Illinois (hereinafter Tichfield address), his information is listed on the Secretary of State website, and he was never served the summons and complaint.

¶ 4      Plaintiffs filed a response to defendant's motion to quash. In the response, plaintiffs alleged they entered into an 11-month lease agreement with defendant. The property was uninhabitable at the time, and the parties orally agreed defendant would renovate the property prior to plaintiffs' occupancy. Defendant failed to renovate the property by the agreed-on date, and the property remained uninhabitable. Plaintiffs subsequently filed a complaint against defendant for breach of contract.

¶ 5      Plaintiffs conducted a search for the defendant on the Illinois Secretary of State's website. The Secretary of State's certificate of good standing listed defendant's principal office as the 25000

block of West Lakeview Avenue in Wauconda, Illinois (hereinafter Lakeview address) and its registered agent as Mark J. Jozefik located at the Lakeview address. The document also provides that, as of November 1, 2019, defendant was "NGS" or not in good standing. Plaintiffs mailed three demand letters dated November 4, 2019, November 7, 2019, and December 10, 2019, to defendant at the Lakeview address.

¶ 6     On October 19, 2020, the Lake County Sheriff's Office unsuccessfully attempted to serve defendant at the Lakeview address. The sheriff's affidavit of service provides, "no resident here is associated with [defendant]. They have no idea who [defendant] is." Plaintiffs subsequently conducted a skip trace of defendant. The search results listed the Lakeview address as defendant's address followed by a date range of November 24, 2003, to September 23, 2019, in parentheses. The results also listed Mark as defendant's registered agent and his address as the Lakeview address. On October 28, 2020, plaintiffs filed an affidavit of compliance for service on the Secretary of State. The affidavit of compliance stated defendant's registered agent "cannot with reasonable diligence be found at the registered office in Illinois" and that a copy of the notice and process was mailed to the Lakeview address. Plaintiffs served process on the Secretary of State on November 2, 2020.

¶ 7     On April 22, 2022, the court held a hearing on the motion to quash. A transcript of the hearing is not included in the record on appeal. The court certified a bystander's report prepared by plaintiffs pursuant to Illinois Supreme Court Rule 323(c) (eff. July 1, 2017). The court subsequently modified the bystander's report. Pursuant to the modified bystander's report, the circuit court determined the sheriff's single attempt to serve process on defendant's registered agent at the Lakeview address did not constitute reasonable diligence by plaintiff in accordance

with section 1-50 of the Act (805 ILCS 180/1-50 (West 2020)). The court granted the motion to quash service of process and vacated the default judgment. This appeal follows.

¶ 8                                    II. JURISDICTION

¶ 9      On January 27, 2022, defendant filed a motion to quash service of process. The circuit court entered its judgment on April 22, 2022. On the same day, plaintiffs filed a notice of appeal. We have jurisdiction over this appeal, pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017).

¶ 10                                    III. ANALYSIS

¶ 11     As an initial matter, we note that defendant did not file a brief in this appeal, and on June 6, 2023, we entered an order taking the case for consideration on the record and the appellants' brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976). A reviewing court will not serve as the advocate for an appellee who does not file a brief. *First National Bank of Ottawa v. Dillinger*, 386 Ill. App. 3d 393, 395 (2008). Nonetheless, the appellate court should decide the appeal on the merits where the record is simple and the claimed error can be decided without the aid of an appellee brief. See *First Capitol Mortgage Corp.*, 63 Ill. 2d at 131-33 (explaining the resolution of appeals in cases where the appellee has failed to file a brief).

¶ 12     On appeal, plaintiffs argue the circuit court erred in granting the motion to quash service of process. Plaintiffs assert the sheriff's single unsuccessful attempt of service on defendant's registered agent at its registered office complied with the service requirements of section 1-50 of the Act. When the circuit court denies a motion to quash service of process based solely on the

documentary evidence presented and does not hold an evidentiary hearing, our review on appeal is *de novo*. *Central Mortgage Co. v. Kamarauli*, 2012 IL App (1st) 112353, ¶ 26.

¶ 13　Personal jurisdiction is established either by effective service of process or by a party's voluntary submission to the court's jurisdiction. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 35. The object of service of process is to notify a party of pending litigation and thus secure his presence. *In re Marriage of Wilson*, 150 Ill. App. 3d 885, 887 (1986). Strict compliance with the statutes governing service of process is required before a court acquires personal jurisdiction over the person served. *West Suburban Bank v. Advantage Financial Partners, LLC*, 2014 IL App (2d) 131146, ¶ 20. When a defendant has not been served with process as required by law, the court has no jurisdiction over that defendant and a default judgment entered against him or her is void. *Equity Residential Properties Management Corp. v. Nasolo*, 364 Ill. App. 3d 26, 32 (2006).

¶ 14　Section 2-204 of the Code of Civil Procedure regulates service of process on private corporations. 735 ILCS 5/2-204 (West 2020). It provides that a private corporation "may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) *in any other manner now or hereafter permitted by law*." (Emphasis added.) *Id.*

¶ 15　Section 1-50 of the Act governs service of process on limited liability companies. 805 ILCS 180/1-50 (West 2020). It provides:

　　　"(a) Any process, notice, or demand required or permitted by law to be served upon either a limited liability company or foreign limited liability company shall be served either

upon the registered agent appointed by the limited liability company or upon the Secretary of State as provided in this Section.

(b) The Secretary of State shall be irrevocably appointed as an agent of a limited liability company upon whom any process, notice, or demand may be served under any of the following circumstances:

\*\*\*

(2) Whenever the limited liability company's registered agent cannot with reasonable diligence be found at the registered office in this State or at the principal place of business stated in the articles of organization.

\* \* \*

(c) Service under subsection (b) shall be made by the person instituting the action by doing all of the following:

(1) Serving on the Secretary of State, or on any employee having responsibility for administering this Act, a copy of the process, notice, or demand, together with any papers required by law to be delivered in connection with service and paying the fee prescribed by Article 50 of this Act.

(2) Transmitting notice of the service on the Secretary of State and a copy of the process, notice, or demand and accompanying papers to the limited liability company being served, by registered or certified mail:

(A) at the last registered office of the limited liability company shown by the records on file in the Office of the Secretary of State; and

> (B) at the address the use of which the person instituting the action, suit, or proceeding knows or, on the basis of reasonable inquiry, has reason to believe, is most likely to result in actual notice.

> (3) Attaching an affidavit of compliance with this Section, in substantially the form that the Secretary of State may by rule or regulation prescribe, to the process, notice, or demand." *Id.*

¶ 16    Relying on *Dutch Farm Meats, Inc. v. Horizon Foods, Inc.*, 275 Ill. App. 3d 322 (1995), plaintiffs argue the sheriff's single unsuccessful attempt of service to Mark at the Lakeview address triggered the appointment of the Secretary of State as defendant's agent for purposes of service under section 1-50(b)(2). The *Dutch* court considered the issue of compliance with the service requirements of the Business Corporation Act of 1983 (805 ILCS 5/5.25 (West 1992)). *Dutch*, 275 Ill. App. 3d at 325. Section 5.25(b)(2) of the Business Corporation Act of 1983 required the plaintiff to serve the Secretary of State " '[w]henever the corporation's registered agent cannot with reasonable diligence be found at the registered office in this State.' " *Id.* (quoting 805 ILCS 5/5.25 (West 1992)). The plaintiff made a single attempt to serve the defendant's registered agent at the office on file with the Secretary of State by way of sheriff. *Id.* However, service was unsuccessful because the registered agent had moved. *Id.* The plaintiff inquired about the defendant's location and discovered the defendant never updated its address with the Secretary of State since it initially attempted service. *Id.* The plaintiff then served notice on the Secretary of State. *Id.* This court found that the plaintiff exercised reasonable diligence in its single attempt to serve the defendant. *Id.* at 328-29. The court explained that the statute specifically states that a

plaintiff only needs to exercise reasonable diligence in finding the registered agent at the registered office. *Id.* at 326.

> "Nothing in the statute requires a plaintiff to seek out the new location of the registered agent once the agent abandons or moves from the registered office and fails to notify the Secretary of State of the new address. Nor does the phrase 'reasonable diligence' require attempted service on a corporate officer or other agent." *Id.*

¶ 17    We find the same logic applies to section 1-50(b)(2) of the Act where the language of section 1-50(b)(2) is nearly identical to section 5.25(b)(2) of the Business Corporation Act of 1983. See 805 ILCS 180/1-50(b)(2) (West 2020); 805 ILCS 5/5.25(b)(2) (West 2020); *Christ Hospital & Medical Center v. Illinois Comprehensive Health Insurance Plan*, 295 Ill. App. 3d 956, 961 (1998) ("legislative intent may be discerned from *** the use of terms in other sections of the same or other Illinois statutes"). Section 1-50(b)(2) requires plaintiffs to find with reasonable diligence defendant's registered agent at the registered office or at the principal place of business stated in the articles of organization before serving notice on the Secretary of State. See 805 ILCS 180/1-50(b)(2) (West 2020). After filing the complaint, plaintiffs conducted a search for defendant on the Secretary of State's website. The Secretary of State's certificate of good standing listed defendant's registered agent as Mark and the registered office as the Lakeview address. The sheriff attempted to serve defendant at the Lakeview address but was unsuccessful because none of the residents at the Lakeview address were associated with or knew defendant. Following the rationale in *Dutch*, we find plaintiffs exercised reasonable diligence in finding defendant's registered agent at the registered office in strict compliance with section 1-50(b)(2).

¶ 18    This finding, however, does not end our analysis. When the registered agent cannot be found at the registered office, section 1-50(c) requires plaintiffs to serve process, notice, or demand on the Secretary of State and mail a copy of process, notice, or demand to (1) the limited liability company's last registered office and (2) "at the address the use of which the person instituting the action, suit, or proceeding knows or, on the basis of reasonable inquiry, has reason to believe, is most likely to result in actual notice." *Id.* § 1-50(c).

¶ 19    This court addressed an issue concerning section 1-50(c) compliance in *Nunez v. C&C Investments of Chicago, LLC*, 2022 IL App (1st) 211423. In *Nunez*, the plaintiff unsuccessfully attempted to serve notice on the defendant's registered agent at its registered office twice: the first attempt through the sheriff and the second attempt through the process server. *Id.* ¶¶ 3-7, 27. After the two unsuccessful attempts at service, plaintiff served notice on the Secretary of State. *Id.* ¶ 27. A copy of the notice was mailed to defendant's registered agent at the registered office, and an additional address located after plaintiff conducted an online search. *Id.* The court found plaintiff complied with the section 1-50(c) requirements for service on the Secretary of State. *Id.* ¶ 29. The court rejected defendant's argument that plaintiff had reason to believe the registered agent's home address was most likely to result in actual notice. *Id.* ¶ 30. The court reasoned the registered office designated with the Secretary of State remained the same at all relevant times and, even when the defendant updated its contact information, the original office address was still listed as the defendant's principal place of business. *Id.* ¶ 31. As such, the court held "[w]e cannot find on this record that the circuit court erred in finding that the plaintiff attempted to give notice at the address most likely to result in actual notice." *Id.*

¶ 20    Likewise, defendant's principal office and the agent's address were listed as the Lakeview address with the Secretary of State between the time plaintiffs filed their complaint and served process on the Secretary of State. After an unsuccessful attempt of service on defendant, plaintiffs conducted a skip trace search, and the results listed defendant's address as the Lakeview address. Plaintiffs served process on the Secretary of State and mailed the process to the Lakeview address. The Lakeview address was the only address discovered in plaintiffs' inquiry. Thus, the record shows plaintiffs served process on the Secretary of State, mailed the process to the last registered office, and mailed the process to the address plaintiffs, through reasonable inquiry, had reason to believe would most likely result in actual notice.

¶ 21    In Mark's affidavit, he averred that he could be located at the Tichfield address and that this address was also listed on the Secretary of State's website. However, defendant updated its registered address more than a year after plaintiffs served the Secretary of State and mailed process to the Lakeview address. As of the date of the filing of this opinion, defendant's certificate of good standing lists defendant's principal office as the Tichfield address and the registered agent as Mark Jozefik located at the Tichfield address. Defendant's status is listed as "active" on December 17, 2022, and the agent change date is January 6, 2022. See *Johnson v. Ames*, 2016 IL 121563, ¶ 7 (courts may take judicial notice of public records). The language of section 1-50 does not require plaintiffs to consistently search for an address most likely to result in actual notice after they conducted reasonable inquiry and mailed the process to the only address it discovered a year prior. The Act does mandate a limited liability company to "continuously maintain in this State a registered agent and registered office, which agent must be an individual resident of this State or other person authorized to transact business in this State." 805 ILCS 180/1-35(a) (West 2020). Due

to the date of defendant and its register agent's address change, plaintiffs had no reason to know about the Tichfield address during the service of process period. Consequently, the Tichfield address has no bearing on plaintiffs' compliance with section 1-50(c). See *Nunez*, 2022 IL App (1st) 211423, ¶ 29. Therefore, we find plaintiffs strictly complied with section 1-50(c). Accordingly, we find the circuit court erred in granting defendant's motion to quash service of process and vacating the default judgment.

¶ 22                                    IV. CONCLUSION

¶ 23     We find plaintiffs single attempt to serve process on defendant's registered agent at its registered office on file with the Illinois Secretary of State's Office and subsequent service on the Secretary of State strictly complied with section 1-50 of the Act. Therefore, we reverse the circuit court's order granting defendant's motion to quash service of process, and we reinstate the default judgment order dated February 11, 2021, awarding plaintiffs judgment against defendant in the amount of $5543.85.

¶ 24     Reversed.

---

*Amaba v. RFJ Land Management, LLC*, 2023 IL App (1st) 220549

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 20-M3-002718; the Hon. James Pieczonka, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Berton N. Ring, of Berton N. Ring P.C., of Chicago, for appellants. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | No brief filed for appellee. |

---