THIRD DIVISION
JUNE 13, 2007

No. 1-06-1304

| | | |
|---|---|---|
| 3M COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 M 21530 |
| | ) | |
| JOHN J. MORONEY AND COMPANY, | ) | The Honorable |
| | ) | Susan Ruscitti- |
| Defendant-Appellee. | ) | Grussel, |
| | ) | Judge Presiding. |
| | ) | |

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff, 3M Company, appeals from the order of the trial court granting a motion to quash substitute service of process in favor of defendant, John J. Moroney and Company, and vacating its prior *ex parte* default judgment and award. On appeal, plaintiff contends that the trial court erred in vacating its *ex parte* default judgment and award where plaintiff properly served defendant substitute process through the Secretary of State. Based on the following, we affirm.

In late June and early July 2005, plaintiff and defendant, through their attorneys, corresponded regarding money that defendant allegedly owed plaintiff for merchandise. Plaintiff's attorney apparently initiated the communications by requesting the outstanding money. On July 3, 2005, defendant's attorney responded, requesting documentation to support plaintiff's purported claim.

Then, on July 14, 2005, plaintiff filed a breach of contract action seeking to collect the $78,692.80 allegedly owed by defendant. The Cook County sheriff attempted to serve process on

defendant's registered agent, John F. Calmeyn, at the address designated with the Secretary of State, 6817 S. Harlem Avenue, Bedford Park, Illinois. The sheriff, however, was unable to serve defendant at the registered address because the company had moved. In August 2005, the sheriff filed his return service with the clerk of the court indicating the same and further noting that defendant's new address was 8301 S. 77th Avenue, Bridgeview, Illinois.

On September 1, 2005, defendant's attorney sent a second letter to plaintiff's attorney requesting documentation to support plaintiff's purported claim. In the letter, defendant's attorney asserted:

"As you know, compliance with my client's request is a precondition to [plaintiff] taking any legal action against my client and any lawsuit filed prior to compliance would be a violation of my client's rights."

That same day, plaintiff's counsel obtained leave of the court to issue an alias summons and effectively serve process on the Secretary of State pursuant to section 5.25 of the Business Corporation Act of 1983 (Act) (805 ILCS 5/5.25 (West 2004)). On September 14, 2005, plaintiff filed an affidavit of compliance, a copy of the alias summons and a copy of the complaint with the Secretary of State and mailed the same to defendant's registered agent at 6817 S. Harlem Avenue, Bedford Park, Illinois.

Then, on November 3, 2005, the trial court entered an *ex parte* default judgment and award in the amount of $78,692.80 in favor of plaintiff. Plaintiff subsequently filed a citation to discover assets and mailed the notice to defendant's "last known address" of 8301 S. 77th Avenue, Bridgeview, Illinois. Thereafter, defendant's attorney filed a motion to quash service of

1-06-1304

process. On April 11, 2006, following a hearing,[1] the trial court granted defendant's motion and vacated its prior default judgment and award. This timely appeal followed.

Plaintiff contends that it properly served defendant. Specifically, plaintiff argues that it complied with the Act providing for substitute service where it served the Secretary of State after having exercised reasonable diligence in its attempt to first serve defendant's registered agent. Defendant responds that plaintiff failed to comply with all of the Act's requirements.

Pursuant to section 5.25 of the Act, service of process may be made upon a corporation's registered agent or the Secretary of State. 805 ILCS 5/5.25(a) (West 2004). However, the Secretary of State becomes irrevocably appointed as a corporation's agent when "the corporation's registered agent cannot with reasonable diligence be found at the registered office." 805 ILCS 5/5.25(b)(2) (West 2004). In order to effectuate service, the complainant must provide the Secretary of State with a copy of the process, the notice or demand and any other required documents, along with an affidavit of compliance, and send the same by registered or certified mail to the corporation being served at **both** the last registered address on file with the Secretary of State **and** "[a]t such address the use of which the person instituting the action *** knows or, on the basis of reasonable inquiry, has reason to believe, is most likely to result in actual notice." 805 ILCS 5/5.25(c)(2)(ii) (West 2004).

In the case at bar, plaintiff does not dispute that it merely sent substitute service to the Secretary of State and defendant's registered address. Consequently, plaintiff failed to comply

---

[1]The record on appeal does not contain a report of this proceedings or an acceptable substitute. See 210 Ill. 2d R. 323.

with all of the requirements of section 5.25(c) of the Act. 805 ILCS 5/5.25(c) (West 2004). More specifically, plaintiff failed to send the requisite documents to an address which it knew or, "on the basis of reasonable inquiry," had reason to believe would likely result in defendant's notice. See 805 ILCS 5/5.25(c)(2)(ii) (West 2004). Plaintiff was notified that defendant's office moved when the sheriff initially returned service with a notation acknowledging defendant's new address. As a result, plaintiff knew or with reasonable inquiry, *i.e.*, reviewing the sheriff's return service, should have been aware of the address where defendant could likely be notified of the underlying lawsuit. Notably, plaintiff had no problem using defendant's new address when it attempted to collect its award following the trial court's *ex parte* default judgment.

We are not persuaded by plaintiff's argument that the trial court impermissibly expanded the "reasonable diligence" requirement of the Act and we find plaintiff's reliance on <u>Dutch Farm Meats, Inc. v. Horizon Foods, Inc.</u>, 275 Ill. App. 3d 322 (1995), to be misplaced. As a threshold matter, an appellant has the burden to present a sufficiently complete record of the trial court's proceedings to support any claim of error, and, in the absence of such, this court presumes that the trial court's order conformed with the law and was supported by a sufficient factual basis. <u>Foutch v. O'Bryant</u>, 99 Ill. 2d 389, 391-92 (1984). Plaintiff failed to provide this court with a report of the trial court's proceeding or an acceptable substitute (see 210 Ill. 2d R. 323); therefore, we presume that the trial court properly applied the service of process statute to the facts of this case.

We additionally determine that plaintiff's argument is misinformed. We agree that the reasonable diligence element of section 5/5.25(b)(2) of the Act does not require a complainant to

1-06-1304

seek out a corporation's new location once it is discovered that the registered address was not updated. See Dutch Farm Meats, Inc., 275 Ill. App. 3d at 326; see also 805 ILCS 5/5.25(b)(2) (West 2004). However, in order to comply with all of the requirements of the substitute service statute, a complainant must also reasonably inquire into the address where the defendant will likely receive notice. See 805 ILCS 5/5.25(c)(2)(ii) (West 2004). The instant case is therefore distinguishable from Dutch Farm Meats, Inc., where the plaintiff sent a copy of a summons, complaint and an affidavit of compliance for service on the Secretary of State to both the registered agent at the registered address and to the president of the defendant's company, which was subsequently signed as received by the president's wife. Dutch Farm Meats, Inc., 275 Ill. App. 3d at 324. Moreover, unlike in Dutch Farm Meats, Inc., the instant record demonstrates that defendant was unaware of the underlying lawsuit prior to entry of the *ex parte* default judgment, as evidenced by its attorney's September 1, 2005, letter notifying plaintiff's attorney that institution of any lawsuit would be premature and a violation of defendant's rights. *Cf.* Dutch Farm Meats, Inc., 275 Ill. App. 3d at 328 (nothing in the record indicated that the president of the plaintiff's corporation was unaware of the lawsuit when the default judgment was entered). Consequently, we find that the trial court properly granted defendant's motion to quash substitute service of process and vacated its *ex parte* default judgment and award.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

KARNEZIS, J., and CUNNINGHAM, J., concur.

-5-