2020 IL App (1st) 20-0178-U
Order filed: September 18, 2020

FIRST DISTRICT
FIFTH DIVISION

No. 1-20-0178

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| COMMONWEALTH EDISON CO., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 M 110976 |
| | ) | |
| CARLISLE UTILITY CONTRACTORS, INC., | ) | Honorable |
| | ) | Mary Kathleen McHugh, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Delort and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirmed the default judgment entered against defendant after finding that substitute service on the Illinois Secretary of State was properly effectuated under the Business Corporation Act.

¶ 2    Plaintiff-appellee, Commonwealth Edison Co. (ComEd) obtained an *ex parte* default judgment against defendant-appellant, Carlisle Utility Contractors (Carlisle) in this suit for property damages where Carlisle was served by substitute service on the Illinois Secretary of State under the Business Corporation Act of 1983 (BCA), 805 ILCS 5/1.01 *et seq.* (West 2018). Carlisle appeals from the orders of the circuit court denying its petition to vacate the default judgment and

motion to reconsider that denial and argues that service on the Secretary of State was improper. We find that service was proper and affirm the default judgment.[1]

¶ 3    On February 14, 2018, ComEd, an Illinois public utility, filed a two-count complaint against Carlisle which raised claims of negligence and a violation of the Illinois Underground Utility Facilities Damage Prevention Act, 220 ILCS 50/11(a) (West 2016). ComEd alleged that in July 2016, during an excavation, Carlisle damaged ComEd's underground utility facilities in Glenview, Illinois. ComEd sought recovery of the costs of the resulting repairs which totaled $25,780.

¶ 4    Carlisle is an Indiana corporation with a principal place of business in Hobart, Indiana. Michael Carlisle (Michael), the president and registered agent for Carlisle in Illinois, has a registered office at 9960 Anderson Ave, Unit C, Chicago Ridge, Illinois (Chicago Ridge address).

¶ 5    In February of 2018, ComEd issued a summons which listed Carlisle's address as 427 S. Indiana Street, Hobart, Indiana (Indiana Street address); the summons was placed for service with the sheriff of Cook County. A deputy sheriff attempted to serve Michael as the registered agent of Carlisle at the Chicago Ridge address on March 26, 2018. According to the sheriff's affidavit, the attempt was unsuccessful as there was "no contact."

¶ 6    On April 20, 2018, the circuit court granted ComEd's motion to appoint Firefly Legal, Inc. as special process server and for issuance of an alias summons. The alias summons showed Michael as the registered agent of Carlisle at the Chicago Ridge address.

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

¶ 7     As evidenced by two affidavits, the special process server attempted service upon Michael at the Chicago Ridge address 13 times between April 25 and July 6, 2018 at different hours of the day without success. Additionally, according to the affidavits, the special process server spoke to an individual on two of these dates, April 25 and May 14; each time, that person told the process server that Michael was not in the office. On the other occasions, no one came to the door or the office appeared to be closed, but did not appear to be vacant.

¶ 8     On July 31, 2018, ComEd presented a motion for leave to accomplish service of summons on Carlisle through the Illinois Secretary of State pursuant to section 5.25 of the BCA (805 ILCS 5/5.25 (West 2018)). In its motion, ComEd maintained that the website of the Secretary of State lists Michael as Carlisle's registered agent with the Chicago Ridge address and that service had been attempted by the sheriff and a special process server at that address without success. ComEd contended, therefore, Michael "cannot be found at the registered office through reasonable diligence." The court granted the motion on that date.

¶ 9     ComEd subsequently filed an affidavit of compliance for service on the Secretary of State with the office of the Illinois Secretary of State on August 29, 2018 (compliance affidavit). The compliance affidavit, stated that "[t]he corporation's registered agent cannot with reasonable diligence be found at the registered office of record in Illinois." The compliance affidavit also stated that ComEd would send a copy of the alias summons and complaint to Carlisle at the Chicago Ridge address by certified or registered mail. Carlisle did not file an appearance or answer.

¶ 10     The circuit court entered a default judgment against Carlisle for $25,780.08 on September 28, 2018.

¶ 11    To enforce the judgment, on May 20, 2019, ComEd filed two citations to discover assets, one directed at Carlisle which named Michael as registered agent of Carlisle and one against a third party, Hecker and Company, Inc. (Hecker). The Carlisle citation listed the Chicago Ridge address. On June 10, 2019, the return date for the citations, ComEd was granted leave to serve the citation on Carlisle by special process server and to issue an alias summons.

¶ 12    On June 18, 2019, counsel appeared for Carlisle.

¶ 13    According to the affidavit of the special process server, the alias summons and citation were served on the "office manager" at the Indiana Street address on July 18, 2019. The office manager informed the process server that Michael was not there and she did "not know when he'll be in."

¶ 14    On that date, Carlisle filed a petition to vacate the default judgment (petition) under section 2-1401(f) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401(f) (West 2018)) and argued the default judgment was void for lack of personal jurisdiction over Carlisle. Carlisle contended that ComEd failed to comply with the requirements of section 5/5.25(c)(2) of the BCA when effecting substitute service upon Carlisle because it did not send a copy of the process to an address which it knew was most likely to result in actual notice. More specifically, Carlisle contended that ComEd should have mailed the process to both the Indiana Street address, the location of its principal place of business, and the Chicago Ridge address, the location of its registered agent.

¶ 15    In support of the petition, Carlisle submitted Michael's affidavit. Michael stated that he was the registered agent for Carlisle, with a registered office at the Chicago Ridge address, and that neither he nor any other officer or employee of Carlisle had been served with the complaint. The first knowledge that he or anyone at Carlisle had of this action was when an officer of Hecker

notified Carlisle of the judgment after Hecker was served with the third-party citation. Michael further stated that he had been "routinely present" at the registered office, "typically in the early morning and late afternoon, throughout the time period during which [ComEd] *** [was] trying to serve [Carlisle]." Michael asserted that neither he nor any officer or employee of Carlisle had "ever received notice of the service on the Secretary of State or a copy of the process, notice, or demand and any accompanying papers at either its registered address in Illinois or at the address of its principal place of business in Hobart, Indiana."

¶ 16     ComEd's written response to the petition included evidence in support of its contentions. ComEd maintained that, before the excavation began, Carlisle made a written request that ComEd locate its underground utilities at the excavation site. The request listed Carlisle's business address as 249 Court Street, Hobart, Indiana. Prior to suit, ComEd sent a bill for the repairs to that address which was returned to ComEd. Carlisle then told ComEd to mail correspondence to a post office box in Hobart. ComEd received no written response from Carlisle to documents mailed to the post office box. ComEd had some communications with Michael in an attempt to settle the claim without litigation. ComEd argued based on these facts, "it reasonably believed that mailing the process to Carlisle's registered office at the Chicago Ridge address would result in actual notice." In reply, Carlisle argued that ComEd was aware of the Indiana Street address when it filed this suit as it was listed on the original summons. Carlisle did not dispute that at the time of service, the Secretary of State's records showed the Chicago Ridge address for Michael, its registered agent. The circuit court denied the petition on October 11, 2019, a date on which a hearing on the petition had been set.

¶ 17     Carlisle filed a timely motion to reconsider that denial and again argued that ComEd had not complied with the BCA when effectuating service. The court set the motion for hearing.

Additionally, subsequent to the denial of the petition, the circuit court, on December 20, 2019, entered an order pursuant to the third party citation directing Heckler to turn over funds which it held belonging to Carlisle in the amount of $29,391.01 to ComEd.[2] On January 3, 2020, the circuit court "after having read the briefs and [having] considered the arguments made" denied the motion to reconsider. Carlisle has appealed.

¶ 18    On appeal, Carlisle argues that the circuit court erred in denying its section 2-1401 petition and motion to reconsider because ComEd failed to comply with the service requirements of section 5.25 of the BCA and therefore there was no personal jurisdiction.

¶ 19    Section 2-1401 of the Code "authorizes a party to seek relief from a final judgment, such as a default judgment, when brought more than 30 days after judgment has been entered." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002). When a section 2-1401 petition is brought on voidness grounds, "the general rules pertaining to section 2-1401 petitions— that they must be filed within two years of the order or judgment, that the petitioner must allege a meritorious defense to the original action, and that the petitioner must show that the petition was brought with due diligence—do not apply." *Id.* at 104. An order entered by a court lacking jurisdiction is void and may be attacked at any time, either directly or collaterally. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. We review a denial of a petition pursuant to section 2-1401 "that raises a purely legal challenge to a judgment by alleging that it is void" *de novo*. *Warren County Soil and Water Conservation District v. Walters*, 2015 IL 117783, ¶ 47 (citing *People v. Vincent*, 226 Ill. 2d 1, 5 (2007)).

---

[2] The turnover of funds appears to satisfy the judgment. However, the appeal is not moot as the payment was compulsory in nature. See *Northbrook Bank & Trust Co. v. Abbas*, 2018 IL App (1st) 162972, ¶ 28.

¶ 20    In order to enter a valid judgment, the circuit court must possess both subject-matter jurisdiction and personal jurisdiction over the parties. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986); *Mitchell*, 2014 IL 116311, ¶ 17. The circuit court acquires personal jurisdiction over a defendant either through the filing of an appearance or by service of process as directed by statute. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986); *Mitchell*, 2014 IL 116311, ¶ 17.

¶ 21    A corporation is served "by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State" or by any manner permitted by law. 735 ILCS 5/2-204 (West 2018). Under the BCA, service of process may be made upon a corporation's registered agent or the Secretary of State. 805 ILCS 5/5.25(a) (West 2018). The Secretary of State "shall be irrevocably appointed" as the corporation's agent "[w]henever the corporation's registered agent cannot with reasonable diligence be found at the registered office in this State." *Id.* § (b)(2). Where the Secretary of State is irrevocably appointed, "the complainant must provide the Secretary of State with a copy of the process, the notice or demand and any other required documents, along with an affidavit of compliance, and send the same by registered or certified mail to the corporation being served at *both* the last registered address on file with the Secretary of State *and* '[a]t such address the use of which the person instituting the action *** knows or, on the basis of reasonable inquiry, has reason to believe, is most likely to result in actual notice.' " (Emphasis in original). *3M Co. v. John Moroney and Co.*, 374 Ill. App. 3d 109, 111-12 (2007) (quoting 805 ILCS 5/5.25(c)(2)(ii) (West 2004)).

¶ 22    Here, Carlisle does not challenge that the Secretary of State was irrevocably appointed as Carlisle's registered agent under section 5.25(b) of the BCA because ComEd could not serve Carlisle at its registered agent's address with reasonable diligence. There is no dispute that, at the

relevant time, Michael was the registered agent of Carlisle with an office located at the Chicago Ridge address and that ComEd filed the compliance affidavit with the Secretary of State, which asserted that it would mail process to the Chicago Ridge address.

¶ 23    Instead, Carlisle argues that section 5.25(c) of the BCA required ComEd to mail process to both the Chicago Ridge address, the location of the registered agent, and the Indiana Street address. Carlisle maintains that the Indiana Street address is the one which ComEd knew or should have known with reasonable inquiry was most likely to result in actual notice. According to Carlisle, ComEd's failure to also mail the process to the Indiana Street address deprived the circuit court of personal jurisdiction over it. ComEd disagrees and asserts that the Chicago Ridge address was the address that satisfied both prongs of section 5.25(c).

¶ 24    We take note that the record on appeal does not include transcripts, bystander's reports, or agreed statements of facts for the court dates on which hearings were set on the petition or motion to reconsider. We are without a record of any issues that may have been addressed, or the arguments and evidence that may have been presented or considered by the circuit court in deciding these matters. As the appellant, Carlisle had "the burden of presenting a sufficiently complete record of the proceedings to support a claim of error." *Midstate Siding and Window Co, Inc. v. Rogers*, 204 Ill. 2d 314, 319 (2003) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). When the record is incomplete, we presume the orders of the circuit court in denying the petition and the motion to reconsider were in conformity with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. Moreover, we find no error by the circuit court on the basis of the existing record.

¶ 25    At the time ComEd attempted service on Carlisle and filed the compliance affidavit, the records of the Illinois Secretary of State listed Michael as Carlisle's registered agent at the Chicago

Ridge address. Michael was also the president of Carlisle and the individual with whom Carlisle had communicated about the damages prior to bringing this action. The affidavits of the special process server indicated that there was an existing office at the Chicago Ridge address, and on two occasions the process server was informed that Michael was not there at that time. It was not unreasonable for ComEd to conclude that Carlisle would most likely receive actual notice if process was mailed to Carlisle's registered office at the Chicago Ridge address. The reasonableness of this conclusion is borne out by Michael's affidavit in which he stated that he was routinely present at the office.

¶ 26    Carlisle cites *3M*, 374 Ill. App. 3d 109 in support of its argument that ComEd was required to mail process to the Indiana Street address in addition to the Chicago Ridge address. In *3M*, the sheriff attempted to serve the complaint on the defendant's registered agent at the address designated with the Secretary of State, but he was unable to do so because the defendant had moved. *Id.* at 110. The sheriff, in the return of service, which was filed with the clerk, stated that the defendant had moved and listed the defendant's new address. *Id.* After receiving leave of court to serve process on the Secretary of State pursuant to section 5.25 of the BCA, the plaintiff filed an affidavit of compliance, a copy of the alias summons and a copy of the complaint with the Secretary of State and mailed the same to the old address of the registered agent. *Id.* at 111. The court entered an *ex parte* default judgment in favor of the plaintiff but subsequently vacated it. *Id.* On appeal, we affirmed, noting that the plaintiff "was notified that defendant's office moved when the sheriff initially returned service with a notation acknowledging defendant's new address. As a result, the plaintiff knew or with reasonable inquiry, *i.e.*, reviewing the sheriff's return service, should have been aware of the address where the defendant could likely be notified of the underlying lawsuit." *Id.* at 112. Accordingly, we held that plaintiff failed to comply with the

service requirements of section 5.25 when it mailed notice of the underlying lawsuit only to the old address of the defendant's registered agent. *Id.* at 113.

¶ 27 *3M* is inapposite. Carlisle and its registered agent, Michael, never moved from the Chicago Ridge address, nor was ComEd notified by the deputy sheriff or the special process server of a new address at which to serve Carlisle. Rather, the affidavits of the special process server revealed that Carlisle's registered office at the Chicago Ridge address was not vacant and twice the process servers were told not that Michael did not work there, but that he was not in the office, during those times. As we discussed, in his affidavit, Michael confirmed that he was Carlisle's registered agent and that Carlisle had an office at the Chicago Ridge address at which he was "routinely present" throughout the time period during which ComEd attempted to effectuate service.

¶ 28 Further, it is not enough that ComEd may have had some knowledge of the Indiana Street address at the time it filed suit. The evidence as to this knowledge at that time is that the Indiana Street address was listed on the original summons. However, the Indiana Street address was not used by the sheriff's office or the special process server in their attempts to serve the complaint. At the time of suit, ComEd was also aware of other addresses associated with Carlisle in Indiana. Prior to suit, Carlisle had provided ComEd with two different addresses in Hobart, Indiana, neither of which was the Indiana Street address. And mail sent to Carlisle at one of the addresses was returned to ComEd; the other was a post office box. The record supports the circuit court's conclusion that ComEd reasonably believed that the Chicago Ridge address was the one where Carlisle would receive actual notice.

¶ 29 For the reasons discussed, the circuit court did not err in finding that ComEd complied with the service requirements of section 5.25(c) of the BCA by mailing process to Carlisle's registered office at the Chicago Ridge address, which was also the address that ComEd had reason to believe

was most likely to result in Carlisle receiving actual notice of the lawsuit. The circuit court properly denied Carlisle's section 2-1401 petition and motion to reconsider that denial; we affirm the default judgment.

¶ 30    Affirmed.